1   Jessica L. Lewis (CA SBN 302467)
    WILMER CUTLER PICKERING
2       HALE AND DORR LLP
    2600 El Camino Real
3   Palo Alto, CA 94306
    Telephone: (650) 600-5186
4   Facsimile: (650) 858-6100
    Email: jessica.lewis@wilmerhale.com
5

6   [Additional Counsel on Signature Page.]

7   *Counsel for Defendants Eric A. Benhamou,*
    *Elizabeth Burr, Richard D. Daniels, Alison Davis,*
8   *Roger F. Dunbar, Joel P. Friedman, Jeffrey N.*
    *Maggioncalda, Beverly Kay Matthews, Mary J.*
9   *Miller, Kate D. Mitchell, John F. Robinson, and*
    *Garen K. Staglin*
10

11                  **UNITED STATES DISTRICT COURT**

12                **NORTHERN DISTRICT OF CALIFORNIA**

13                        **SAN JOSE DIVISION**

14  TIAA-CREF INVESTMENT              Case No. 5:24-cv-00478-NW
    MANAGEMENT, LLC
15  et al.,                          **DIRECTOR DEFENDANTS' ANSWER**
                                     **TO COMPLAINT FOR VIOLATIONS**
16              Plaintiffs,          **OF THE FEDERAL SECURITIES**
                                     **LAWS (ECF NO. 1)**
17  v.

18
    GREGORY W. BECKER, et al.,
19
                Defendants.
20

21

22

23

24

25

26

27

28

---

Defendants Eric A. Benhamou, Elizabeth Burr, Richard D. Daniels, Alison Davis, Roger F. Dunbar, Joel P. Friedman, Jeffrey N. Maggioncalda, Beverly Kay Matthews, Mary J. Miller, Kate D. Mitchell, John F Robinson, and Garen K. Staglin (collectively, "Director Defendants") respectfully submit this Answer to the Complaint for Violations of the Federal Securities Laws, filed on January 25, 2024 (ECF No. 1) ("Complaint").  The Director Defendants make this Answer based on their current knowledge, recollection, and information, and they expressly reserve the right to amend and/or supplement their Answer as may be necessary.

Except as expressly admitted herein, the Director Defendants deny each and every allegation of fact and conclusion of law set forth in the Complaint and in every respect deny liability, deny that they engaged in any improper conduct, and deny that Plaintiffs[1] are entitled to relief.  To the extent the Complaint references excerpts from documents and third-party publications, the Director Defendants deny any characterization of such documents in the Complaint (including bolding, italics, or paraphrasing), as the documents speak for themselves, and further deny that any selective quotation from such documents by Plaintiffs accurately characterizes or quotes from the documents, reflects the full contents of the documents, or that the contents of any such documents are accurate or complete.  The Director Defendants respectfully refer the Court to the original source or document for a complete and accurate statement of the

---

[1] "Plaintiffs" refers collectively to Teachers Insurance and Annuity Association of America and its following subsidiaries, funds, and accounts: (i) TIAA-CREF Investment Management, LLC; (ii) Teachers Advisors, LLC; (iii) Nuveen Asset Management, LLC; (iv) Nuveen Fund Advisors, LLC; (v) CREF Equity Index Account; (vi) CREF Stock Account; (vii) Nuveen Large-Cap Select Fund; (viii) CREF Global Equities Account; (ix) TIAA-CREF S&P 500 Index Fund; (x) TIAACREF Equity Index Fund; (xi) TIAA-CREF Growth & Income Fund; (xii) Nuveen ESG Large-Cap Value ETF; (xiii) Nuveen ESG Mid-Cap Growth ETF; (xiv) Nuveen ESG Mid-Cap Value ETF; (xv) TIAA-CREF Life Growth & Income Fund; (xvi) CREF Social Choice Account; (xvii) TIAA Separate Account VA-1; (xviii) TIAA-CREF Large-Cap Growth Index Fund; (xix) TIAA-CREF Large-Cap Value Index Fund; (xx) TIAA-CREF Social Choice Low Carbon Equity Fund; (xxi) CREF Core Bond Account; (xxii) TIAA-CREF Life Insurance Company; (xxiii) TIAA-CREF Bond Index Fund; (xxiv) TIAA-CREF Core Plus Bond Fund; (xxv) TIAA-CREF Core Impact Bond Fund; (xxvi) Nuveen Global High Income Fund; (xxvii) Nuveen Preferred & Income Opportunities Fund on behalf of itself and as successor in interest to Nuveen Preferred & Income Securities Fund and Nuveen Preferred and Income Fund; (xxviii) Nuveen Preferred and Income Term Fund; (xxix) Nuveen Multi-Asset Income Fund on behalf of itself and as successor in interest to Nuveen TaxAdvantaged Total Return Strategy Fund; (xxx) Nuveen Core Plus Impact Fund; (xxxi) Nuveen Variable Rate Preferred & Income Fund; (xxxii) Nuveen Preferred Securities and Income Fund; (xxxiii) Nuveen Enhanced Yield U.S. Aggregate Bond ETF; (xxxiv) Nuveen ESG U.S. Aggregate Bond ETF; (xxxv) Teachers Insurance and Annuity Association of America; (xxxvi) Nuveen U.S. Core Impact Bond Fund; and (xxxvii) TIAA-CREF Life Social Choice Equity Fund.

contents referenced therein. To the extent the Complaint contains footnotes that do not contain any factual information or purport to include citations supporting other allegations in the Complaint, no response is required to those footnotes. To the extent a response is required, the Director Defendants deny all allegations contained in the footnotes unless otherwise admitted herein.

In addition, no response is required to the bolded headings in the Complaint, which are argumentative and consist of Plaintiffs' characterizations of this action. To the extent a response is required, Defendants deny the allegations contained therein.

Due to their dates of service on the Board of Directors of Silicon Valley Bank ("Bank") and the Board of Directors of SVB Financial Group ("SVBFG"), certain of the Director Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of allegations that pertain to events that purportedly took place during periods when they did not serve on the Boards of the Bank or SVBFG. Specifically:

- Ms. Burr lacks knowledge or information sufficient to form a belief as to the truth or falsity of allegations that pertain to events that purportedly took place before November 8, 2021, and therefore denies all such allegations on that basis.

- Mr. Daniels lacks knowledge or information sufficient to form a belief as to the truth or falsity of allegations that pertain to events that purportedly took place before October 22, 2020, and therefore denies all such allegations on that basis.

- Ms. Davis lacks knowledge or information sufficient to form a belief as to the truth or falsity of allegations that pertain to events that purportedly took place before May 11, 2020, and therefore denies all such allegations on that basis.

- Mr. Dunbar lacks knowledge or information sufficient to form a belief as to the truth or falsity of allegations that pertain to events that purportedly took place after his retirement from the Bank and SVBFG Boards on April 21, 2022, and therefore denies all such allegations on that basis.

- Ms. Matthews lacks knowledge or information sufficient to form a belief as to the truth or falsity of allegations that pertain to events that purportedly took place before September 10, 2019, and therefore denies all such allegations on that basis.

- Mr. Robinson lacks knowledge or information sufficient to form a belief as to the truth or falsity of allegations that pertain to events that purportedly took place after his retirement from the Bank and SVBFG Boards on April 21, 2021, and therefore denies all such allegations on that basis.

Accordingly, any statement by the "Director Defendants" herein regarding an allegation that pre- or post-dates the dates identified above, as relevant, is expressly modified by the preceding denials to the extent they are applicable.

Paragraph numbers in this Answer correspond to paragraph numbers in the Complaint and respond to the allegations in each such paragraph. Unless redefined in this Answer, capitalized terms used herein have the definitions set forth in the Complaint, but the Director Defendants do not admit that those definitions are proper. With respect to the numbered paragraphs of the Complaint, the Director Defendants respond as follows:

## ANSWER TO SPECIFIC ALLEGATIONS

To the extent the allegations in the prefatory Paragraph found at page 1, lines 1 through 3, consist of legal conclusions, no answer is required. To the extent an answer is required, the Director Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations in the prefatory Paragraph found at page 1, lines 1 through 3, and the footnotes cited therein, and on that basis deny them.

## I.    INTRODUCTION

Header I contains Plaintiffs' characterizations of the Complaint and contains no factual allegations for which an answer is required.

1.    Paragraph 1 purports to provide a general overview of the Complaint and contains no factual allegations for which an answer is required. To the extent the allegations in Paragraph 1 consist of legal conclusions, no answer is required. To the extent an answer is required, the

Director Defendants admit the Complaint purports to assert claims under the Securities Act of 1933 and the Securities and Exchange Act of 1934 and otherwise deny the remaining allegations in Paragraph 1.

2.      The Director Defendants admit that between November 5, 2020 and March 10, 1023, SVBFG, the holding company for the Bank, was a publicly listed company and its shares were traded on the Nasdaq exchange under the ticker symbol "SIVB."  The Director Defendants deny that the remaining allegations in Paragraph 2 provide a fair and accurate statement of the matters described therein and therefore deny them.

3.      To the extent the allegations in Paragraph 3 consist of legal conclusions, no answer is required.  To the extent an answer is required, the Director Defendants respectfully refer the Court to the referenced legislation and its legislative history for a complete and accurate statement of their contents and deny any inconsistent allegations in Paragraph 3.  The Director Defendants deny the remaining allegations in Paragraph 3 and the footnote cited therein.

4.      The Director Defendants deny the allegations in Paragraph 4 and the footnote cited therein.

5.      The Director Defendants deny the allegations in Paragraph 5.

6.      The Director Defendants deny the allegations in Paragraph 6.

7.      The Director Defendants deny the allegations in Paragraph 7.

8.      The Director Defendants deny the allegations in Paragraph 8.

9.      The Director Defendants deny the allegations in Paragraph 9 and the footnote cited therein.

10.      The Director Defendants deny the allegations in Paragraph 10.

11.      To the extent the allegations in Paragraph 11 consist of legal conclusions, no answer is required.  To the extent an answer is required, the Director Defendants admit that the California Department of Financial Protection and Innovation ("DFPI") closed the Bank and appointed the Federal Deposit Insurance Corporation ("FDIC") as receiver on March 10, 2023. The Director Defendants admit that SVBFG, the holding company for the Bank, filed a chapter

1  11 bankruptcy petition on March 17, 2023.  The Director Defendants deny the remaining

2  allegations in Paragraph 11.

3        12.    The Director Defendants deny that the allegations in the first sentence of

4  Paragraph 12 provides a fair and accurate statement of the matters described therein and

5  therefore deny them.  The Director Defendants deny the remaining allegations in Paragraph 12.

6  ## II.    JURISDICTION AND VENUE

7        Header II contains Plaintiffs' characterizations of the Complaint and contains no factual

8  allegations for which an answer is required.

9        13.    The allegations in Paragraph 13 consist of legal conclusions to which no answer is

10 required.

11       14.    To the extent the allegations in Paragraph 14 consist of legal conclusions, no

12 answer is required.  To the extent an answer is required, the Director Defendants admit this Court

13 has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1331, Section 22 of

14 the Securities Act, 15 U.S.C. § 77v, and Section 27 of the Exchange Act, 15 U.S.C. § 78aa.

15       15.    To the extent the allegations in Paragraph 15 consist of legal conclusions, no

16 answer is required.  To the extent an answer is required, the Director Defendants admit venue is

17 proper in this District under Section 22 of the Securities Act, 15 U.S.C. § 77v, Section 27 of the

18 Exchange Act, 15 U.S.C. §78aa, and 28 U.S.C. § 1391(b).  The Director Defendants deny the

19 remaining allegations in Paragraph 15.

20       16.    To the extent the allegations in Paragraph 16 consist of legal conclusions, no

21 answer is required.  To the extent an answer is required, the Director Defendants deny the

22 remaining allegations in Paragraph 16.

23 ## III.    PARTIES AND RELEVANT NON-PARTIES

24       Header III contains Plaintiffs' characterizations of the Complaint and contains no factual

25 allegations for which an answer is required.

26

27

28

### A.    Plaintiffs

Header III.A. contains Plaintiffs' characterizations of the Complaint and contains no factual allegations for which an answer is required.

17.    The Director Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 17, and on that basis deny them.

18.    The Director Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 18, and on that basis deny them.

19.    The Director Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 19, and on that basis deny them.

20.    To the extent the allegations in Paragraph 20 consist of legal conclusions, no answer is required.  To the extent an answer is required, the Director Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 20, and on that basis deny them.

21.    To the extent the allegations in Paragraph 21 consist of legal conclusions, no answer is required.  To the extent an answer is required, the Director Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 21, and on that basis deny them.

22.    To the extent the allegations in Paragraph 22 consist of legal conclusions, no answer is required.  To the extent an answer is required, the Director Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 22, and on that basis deny them.

23.    To the extent the allegations in Paragraph 23 consist of legal conclusions, no answer is required.  To the extent an answer is required, the Director Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 23, and on that basis deny them.

24.    To the extent the allegations in Paragraph 24 consist of legal conclusions, no answer is required.  To the extent an answer is required, the Director Defendants lack knowledge

or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 24, and on that basis deny them.

25. To the extent the allegations in Paragraph 25 consist of legal conclusions, no answer is required. To the extent an answer is required, the Director Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 25, and on that basis deny them.

26. To the extent the allegations in Paragraph 26 consist of legal conclusions, no answer is required. To the extent an answer is required, the Director Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 26, and on that basis deny them.

27. To the extent the allegations in Paragraph 27 consist of legal conclusions, no answer is required. To the extent an answer is required, the Director Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 27, and on that basis deny them.

28. To the extent the allegations in Paragraph 28 consist of legal conclusions, no answer is required. To the extent an answer is required, the Director Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 28, and on that basis deny them.

29. Paragraph 29 contains Plaintiffs' characterizations of the Complaint and contains no factual allegations for which an answer is required.

30. Paragraph 30 contains Plaintiffs' characterizations of the Complaint and contains no factual allegations for which an answer is required.

31. The Director Defendants deny the allegations in Paragraph 31.

**B. Defendants**

Header III.B. contains Plaintiffs' characterizations of the Complaint and contains no factual allegations for which an answer is required.

1
2
3
4
5
6
7
8
9
10
11
12

32.    The Director Defendants admit that Mr. Becker was first employed by SVBFG and the Bank in 1993.  The Director Defendants admit that Mr. Becker served as a director of SVBFG from April 21, 2011 to April 19, 2023.  The Director Defendants admit that Mr. Becker served as a director of the Bank from April 21, 2011 until the Bank was taken into receivership on March 10, 2023.  The Director Defendants admit that Mr. Becker signed the November 15, 2019 Registration Statement, which speaks for itself.  The Director Defendants respectfully refer the Court to SVBFG's SEC filings referenced in Paragraph 32 for a complete and accurate description of their contents and deny any inconsistent allegations in Paragraph 32.  The Director Defendants respectfully refer the Court to Mr. Becker's Forms 4 filed between November 5, 2020, and March 10, 2023, for a complete and accurate description of their contents and deny any inconsistent allegations in the sixth sentence of Paragraph 32.  The Director Defendants deny the remaining allegations in Paragraph 32.

13
14
15
16
17
18
19
20
21
22
23

33.    The Director Defendants admit that Mr. Beck served as Chief Financial Officer of SVBFG from June 5, 2017 to April 18, 2023.  The Director Defendants admit that Mr. Beck served as Chief Financial Officer of the Bank from 2017 until the Bank was taken into receivership on March 10, 2023.  The Director Defendants admit that Mr. Beck signed the November 15, 2019 Registration Statement, which speaks for itself.   The Director Defendants respectfully refer the Court to SVBFG's SEC filings referenced in Paragraph 33 for a complete and accurate description of their contents and deny any inconsistent allegations in Paragraph 33. The Director Defendants respectfully refer the Court to Mr. Beck's Forms 4 filed between November 5, 2020 and March 10, 2023, for a complete and accurate description of their contents and deny any inconsistent allegations in the fifth sentence of Paragraph 33.  The Director Defendants deny the remaining allegations in Paragraph 33.

24
25

34.    Paragraph 34 contains Plaintiffs' characterizations of the Complaint and contains no factual allegations for which an answer is required.

26
27
28

35.     The allegations in Paragraph 35 are directed at parties other than the Director Defendants, and no answer is required.  To the extent an answer is required, the Director Defendant deny the allegations in Paragraph 35.

36.     The Director Defendants admit that Ms. Hon served as SVBFG's Chief Accounting Officer between November 5, 2020 and March 10, 2023.  The Director Defendants admit that Ms. Hon signed the November 15, 2019 Registration Statement, which speaks for itself.  The Director Defendants respectfully refer the Court to SVBFG's SEC filings referenced in Paragraph 36 for a complete and accurate description of their contents and deny any inconsistent allegations in Paragraph 36.  The Director Defendants deny the remaining allegations in Paragraph 36.

37.     The Director Defendants admit that Mr. Dunbar served on the board of directors of SVBFG and the Bank from 2004 to April 21, 2022.  The Director Defendants admit that Mr. Dunbar served as Chairman of the board of directors of SVBFG and the Bank from April 26, 2012 to April 21, 2022.  The Director Defendants admit that Mr. Dunbar signed a Power of Attorney dated November 15, 2019 through which he appointed Mr. Becker and Mr. Beck as his attorneys-in-fact to sign the November 15, 2019 Registration Statement.  The Director Defendants respectfully refer the Court to SVBFG's SEC filings referenced in Paragraph 37 for a complete and accurate description of their contents and deny any inconsistent allegations in Paragraph 37.  The Director Defendants deny the remaining allegations in Paragraph 37.

38.     The Director Defendants admit that Ms. Matthews served on the board of directors of SVBFG from September 10, 2019 to November 7, 2024, and was its chair from April 21, 2022 to November 7, 2024.  The Director Defendants admit that Ms. Matthews served on the board of directors of the Bank from September 10, 2019 until the Bank was taken into receivership on March 10, 2023, and was its chair from April 21, 2022 to March 10, 2023.  The Director Defendants admit that Ms. Matthews signed a Power of Attorney dated November 15, 2019 through which she appointed Mr. Becker and Mr. Beck as her attorneys-in-fact to sign the November 15, 2019 Registration Statement.  The Director Defendants respectfully refer the

1  Court to SVBFG's SEC filings referenced in Paragraph 38 for a complete and accurate

2  description of their contents and deny any inconsistent allegations in Paragraph 38.  The Director

3  Defendants deny the remaining allegations in Paragraph 38.

4        39.    The Director Defendants admit that Mr. Benhamou served on the board of

5  directors of SVBFG from 2005 to November 7, 2024.  The Director Defendants admit that Mr.

6  Benhamou served on the board of directors of the Bank from 2005 until the Bank was taken into

7  receivership on March 10, 2023.  The Director Defendants admit that Mr. Benhamou signed a

8  Power of Attorney dated November 15, 2019 through which he appointed Mr. Becker and Mr.

9  Beck as his attorneys-in-fact to sign the November 15, 2019 Registration Statement.  The

10  Director Defendants respectfully refer the Court to SVBFG's SEC filings referenced in

11  Paragraph 39 for a complete and accurate description of their contents and deny any inconsistent

12  allegations in Paragraph 39.  The Director Defendants deny the remaining allegations in

13  Paragraph 39.

14        40.    The Director Defendants admit that Ms. Burr served on the board of directors of

15  SVBFG from November 8, 2021 to November 7, 2024.  The Director Defendants admit that Ms.

16  Burr served on the board of directors of the Bank from November 8, 2021 until the Bank was

17  taken into receivership on March 10, 2023.  The Director Defendants respectfully refer the Court

18  to SVBFG's SEC filings referenced in Paragraph 40 for a complete and accurate description of

19  their contents and deny any inconsistent allegations in Paragraph 40.  The Director Defendants

20  deny the remaining allegations in Paragraph 40.

21        41.    The Director Defendants admit that Mr. Clendening served on the board of

22  directors of SVBFG and the Bank from August 3, 2017 to April 21, 2022.  The Director

23  Defendants admit that Mr. Clendening signed a Power of Attorney dated November 15, 2019

24  through which he appointed Mr. Becker and Mr. Beck as his attorneys-in-fact to sign the

25  November 15, 2019 Registration Statement.  The Director Defendants respectfully refer the

26  Court to SVBFG's SEC filings referenced in Paragraph 41 for a complete and accurate

27

28

description of their contents and deny any inconsistent allegations in Paragraph 41.  The Director Defendants deny the remaining allegations in Paragraph 41.

42.    The Director Defendants admit that Mr. Daniels served on the board of directors of SVBFG from October 22, 2020 to November 7, 2024.  The Director Defendants admit that Mr. Daniels served on the board of directors of the Bank from October 22, 2020 until the Bank was taken into receivership on March 10, 2023.  The Director Defendants respectfully refer the Court to SVBFG's SEC filings referenced in Paragraph 42 for a complete and accurate description of their contents and deny any inconsistent allegations in Paragraph 42.  The Director Defendants deny the remaining allegations in Paragraph 42.

43.    The Director Defendants admit that Ms. Davis served on the board of directors of SVBFG from May 11, 2020 to November 7, 2024.   The Director Defendants admit that Ms. Davis served on the board of directors of the Bank from May 11, 2020 until the Bank was taken into receivership on March 10, 2023.  The Director Defendants respectfully refer the Court to SVBFG's SEC filings referenced in Paragraph 43 for a complete and accurate description of their contents and deny any inconsistent allegations in Paragraph 43.  The Director Defendants deny the remaining allegations in Paragraph 43.

44.    The Director Defendants admit that Mr. Friedman served on the board of directors of SVBFG from 2004 to November 7, 2024 and that Mr. Friedman served on the board of directors of the Bank from 2004 until the Bank was taken into receivership on March 10, 2023. The Director Defendants admit that Mr. Friedman signed a Power of Attorney dated November 15, 2019 through which he appointed Mr. Becker and Mr. Beck as his attorneys-in-fact to sign the November 15, 2019 Registration Statement.  The Director Defendants respectfully refer the Court to SVBFG's SEC filings referenced in Paragraph 44 for a complete and accurate description of their contents and deny any inconsistent allegations in Paragraph 44.  The Director Defendants deny the remaining allegations in Paragraph 44.

45.    The Director Defendants admit that Mr. Maggioncalda served on the board of directors of SVBFG from 2011 to November 7, 2024.  The Director Defendants admit that Mr.

Maggioncalda served on the board of directors of the Bank from 2011 until the Bank was taken into receivership on March 10, 2023. The Director Defendants admit that Mr. Maggioncalda signed a Power of Attorney dated November 15, 2019 through which he appointed Mr. Becker and Mr. Beck as his attorneys-in-fact to sign the November 15, 2019 Registration Statement. The Director Defendants respectfully refer the Court to SVBFG's SEC filings referenced in Paragraph 45 for a complete and accurate description of their contents and deny any inconsistent allegations in Paragraph 45. The Director Defendants deny the remaining allegations in Paragraph 45.

46.    The Director Defendants admit that Ms. Miller served on the board of directors of SVBFG from May 2015 to November 7, 2024. The Director Defendants admit that Ms. Miller served on the board of directors of the Bank from May 2015 until the Bank was taken into receivership on March 10, 2023. The Director Defendants admit that Ms. Miller signed a Power of Attorney dated November 15, 2019 through which she appointed Mr. Becker and Mr. Beck as her attorneys-in-fact to sign the November 15, 2019 Registration Statement. The Director Defendants respectfully refer the Court to SVBFG's SEC filings referenced in Paragraph 46 for a complete and accurate description of their contents and deny any inconsistent allegations in Paragraph 46. The Director Defendants deny the remaining allegations in Paragraph 46.

47.    The Director Defendants admit that Ms. Mitchell served on the board of directors of SVBFG from 2010 to November 7, 2024. The Director Defendants admit that Ms. Mitchell served on the board of directors of the Bank from 2010 until the Bank was taken into receivership on March 10, 2023. The Director Defendants admit that Ms. Mitchell signed a Power of Attorney dated November 15, 2019 through which she appointed Mr. Becker and Mr. Beck as her attorneys-in-fact to sign the November 15, 2019 Registration Statement. The Director Defendants admit that Ms. Mitchell signed a Power of Attorney dated November 15, 2019 through which she appointed Mr. Becker and Mr. Beck as her attorneys-in-fact to sign the November 15, 2019 Registration Statement. The Director Defendants respectfully refer the Court to SVBFG's SEC filings referenced in Paragraph 47 for a complete and accurate

description of their contents and deny any inconsistent allegations in Paragraph 47. The Director Defendants deny the remaining allegations in Paragraph 47.

48. The Director Defendants admit that Mr. Robinson served on the board of directors of SVBFG and the Bank from July 2010 to April 21, 2021. The Director Defendants admit that Mr. Robinson signed a Power of Attorney dated November 15, 2019 through which he appointed Mr. Becker and Mr. Beck as his attorneys-in-fact to sign the November 15, 2019 Registration Statement. The Director Defendants respectfully refer the Court to SVBFG's SEC filings referenced in Paragraph 48 for a complete and accurate description of their contents and deny any inconsistent allegations in Paragraph 48. The Director Defendants deny the remaining allegations in Paragraph 48.

49. The Director Defendants admit that Mr. Staglin served on the board of directors of SVBFG from 2012 to November 7, 2024. The Director Defendants admit that Mr. Staglin served on the board of directors of the Bank from 2012 until the Bank was taken into receivership on March 10, 2023. The Director Defendants admit that Mr. Staglin signed a Power of Attorney dated November 15, 2019 through which he appointed Mr. Becker and Mr. Beck as his attorneys-in-fact to sign the November 15, 2019 Registration Statement. The Director Defendants respectfully refer the Court to SVBFG's SEC filings referenced in Paragraph 49 for a complete and accurate description of their contents and deny any inconsistent allegations in Paragraph 49. The Director Defendants deny the remaining allegations in Paragraph 49.

50. Paragraph 50 contains Plaintiffs' characterizations of the Complaint and contains no factual allegations for which an answer is required.

51. Paragraph 51 contains Plaintiffs' characterizations of the Complaint and contains no factual allegations for which an answer is required.

52. The Director Defendants respectfully refer the Court to the offering documents for the January 2021 Offerings, May 2021 Offerings, October 2021 Offerings, and April 2022 Offering for a description of BofA's role and deny any inconsistent allegations in Paragraph 52.

53.     The Director Defendants respectfully refer the Court to the offering documents for the January 2021 Offerings, May 2021 Offerings, and April 2022 Offering for a description of Goldman Sachs' role and deny any inconsistent allegations in Paragraph 53.

54.     Paragraph 54 contains Plaintiffs' characterizations of the Complaint and contains no factual allegations for which an answer is required.

55.     Paragraph 55 contains Plaintiffs' characterizations of the Complaint and contains no factual allegations for which an answer is required.

### C.     Relevant Non-Parties

Header III.C. contains Plaintiffs' characterizations of the Complaint and contains no factual allegations for which an answer is required.

56.     The Director Defendants admit that SVBFG was incorporated in the state of Delaware in March 1999.  The Director Defendants admit that between November 5, 2020 and March 10, 2023, SVBFG was a bank holding company with a principal place of business in Santa Clara, CA.  The Director Defendants admit that SVBFG filed a chapter 11 bankruptcy petition on March 17, 2023.  The Director Defendants deny the remaining allegations in Paragraph 56.

57.     The Director Defendants admit that the Bank was founded in 1983.  The Director Defendants admit that between November 5, 2020 and March 10, 2023 the Bank was a subsidiary of SVBFG.  The Director Defendants deny the remaining allegations in Paragraph 57.

58.     The Director Defendants respectfully refer the Court to the referenced offering documents, which speak for themselves, and deny any inconsistent allegations in Paragraph 58. The Director Defendants deny the remaining allegations in Paragraph 58.

59.     Paragraph 59 contains Plaintiffs' characterizations of the Complaint and contains no factual allegations for which an answer is required.

### IV.   SUMMARY OF THE OFFICER DEFENDANTS' SCHEME AND WRONGFUL COURSE OF BUSINESS

The Director Defendants deny the allegations in Header IV.

**A.      SVB's Efforts to Avoid Regulations that Would Have Prevented SVB's Collapse**

The Director Defendants deny the allegations in Header IV.A.

60.      The Director Defendants deny that the allegations in Paragraph 60 provide a fair and accurate statement of the matters described therein and therefore deny them.

61.      To the extent the allegations in Paragraph 61 consist of legal conclusions, no answer is required.  To the extent an answer is required, the Director Defendants respectfully refer the Court to the referenced legislation and its legislative history for a complete and accurate statement of their contents and deny any inconsistent allegations in Paragraph 61.  The Director Defendants deny the remaining allegations in Paragraph 61.

62.      To the extent the allegations in Paragraph 62 consist of legal conclusions, no answer is required.  To the extent an answer is required, the Director Defendants respectfully refer the Court to the referenced legislation and its legislative history for a complete and accurate statement of their contents and deny any inconsistent allegations in Paragraph 62.  The Director Defendants deny the remaining allegations in Paragraph 62.

63.      To the extent the allegations in Paragraph 63 consist of legal conclusions, no answer is required.  To the extent an answer is required, the Director Defendants respectfully refer the Court to the referenced legislation and its legislative history and the referenced supervisory guidance for a complete and accurate statement of their contents and deny any inconsistent allegations in Paragraph 63.  The Director Defendants deny the remaining allegations in Paragraph 63.

64.      To the extent the allegations in Paragraph 64 consist of legal conclusions, no answer is required.  To the extent an answer is required, the Director Defendants respectfully refer the Court to the referenced supervisory guidance for a complete and accurate statement of its contents and deny any inconsistent allegations in Paragraph 64.  The Director Defendants deny the remaining allegations in Paragraph 64.

65.     To the extent the allegations in Paragraph 65 consist of legal conclusions, no answer is required.  To the extent an answer is required, the Director Defendants respectfully refer the Court to the referenced supervisory guidance for a complete and accurate statement of its contents and deny any inconsistent allegations in Paragraph 65.  The Director Defendants deny the remaining allegations in Paragraph 65.

66.     To the extent the allegations in Paragraph 66 consist of legal conclusions, no answer is required.  To the extent an answer is required, the Director Defendants respectfully refer the Court to the referenced supervisory guidance for a complete and accurate statement of its contents and deny any inconsistent allegations in Paragraph 66.  The Director Defendants deny the remaining allegations in Paragraph 66.

67.     To the extent the allegations in Paragraph 67 consist of legal conclusions, no answer is required.  To the extent an answer is required, the Director Defendants respectfully refer the Court to the referenced supervisory guidance for a complete and accurate statement of its contents and deny any inconsistent allegations in Paragraph 67.  The Director Defendants deny the remaining allegations in Paragraph 67.

## B.     The Officer Defendants Conceal Their Failure to Implement Appropriate Governance and Risk Management Frameworks

The Director Defendants deny the allegations in Header IV.B.

68.     To the extent the allegations in Paragraph 68 consist of legal conclusions, no answer is required.  To the extent an answer is required, the Director Defendants respectfully refer the Court to SVBFG's SEC filings for the years 2018 to 2021 for a description of SVBFG's total assets as of the time of those filings and deny any inconsistent allegations in Paragraph 68. The Director Defendants deny the remaining allegations in Paragraph 68.

69.     The Director Defendants admit that the Office of the Comptroller of the Currency publication entitled "Examination Process: Problem Bank Supervision Version 1.0" contains the quoted language in Paragraph 69, but deny any characterizations of the document, which speaks

1    for itself.  The Director Defendants deny the remaining allegations in Paragraph 69 and the

2    footnote cited therein.

3         70.    The Director Defendants deny that the allegations in Paragraph 70 provide a fair

4    and accurate statement of the matters described therein and therefore deny them.

5         71.    The Director Defendants deny the allegations in Paragraph 71.

6         72.    The Director Defendants deny the allegations in Paragraph 72 and the footnote

7    cited therein.

8         73.    The Director Defendants deny the allegations in Paragraph 73.

9         74.    The Director Defendants admit that the April 22, 2021 Q1 2021 and July 22, 2021

10   Q2 2021 earnings call transcripts contain the quoted language in the second sentence of

11   Paragraph 74, but deny any characterizations of the documents, which speak for themselves.  The

12   Director Defendants deny the remaining allegations in Paragraph 74.

13        75.    The Director Defendants respectfully refer the Court to SVBFG's SEC filings

14   referenced in Paragraph 75 for a complete and accurate description of their contents and deny

15   any inconsistent allegations in Paragraph 75.  The Director Defendants deny the remaining

16   allegations in Paragraph 75.

17        76.    The Director Defendants deny the allegations in Paragraph 76.

18        77.    The Director Defendants deny the allegations in Paragraph 77.

19        78.    Mr. Benhamou, Mr. Daniels, Ms. Davis, Mr. Dunbar, Mr. Friedman, Mr.

20   Maggioncalda, Ms. Matthews, Ms. Miller, Ms. Mitchell, and Mr. Staglin admit that as of June

21   30, 2021, SVBFG passed the threshold of $100 billion in average total consolidated assets and

22   was considered an LFI under the "Large Financial Institution (LFI) Rating System" of the Board

23   of Governors of the Federal Reserve System set out in Supervisory Release 19-3 dated February

24   26, 2019.  Ms. Burr, who did not join SVBFG's board of directors until November 2021, lacks

25   knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in

26   Paragraph 78, and on that basis denies them.  Mr. Robinson, who retired from SVBFG's Board of

27   Directors in April 2021, lacks knowledge or information sufficient to form a belief as to the truth

28

---

or falsity of the allegations in Paragraph 78, and on that basis denies them. The Director Defendants respectfully refer the Court to SVBFG's SEC filings for a description of SVBFG's total assets and the nature of its supervision by the Federal Reserve Board of Governors and deny any inconsistent allegations in Paragraph 78. The Director Defendants deny the remaining allegations in Paragraph 78.

79.    The Director Defendants deny the allegations in Paragraph 79.

80.    The Director Defendants deny that the allegations in second through ninth sentences of Paragraph 80 provide a fair and accurate statement of the matters described therein and therefore deny them. The Director Defendants deny the remaining allegations in Paragraph 80.

81.    The Director Defendants deny the allegations in Paragraph 81. To the extent the allegations in Footnote 8 to Paragraph 81 consist of Plaintiffs' characterization of 17 C.F.R. § 252.33(b)(1), this legal provision speaks for itself and no answer is required.

82.    The Director Defendants deny the allegations in Paragraph 82.

83.    The Director Defendants deny the allegations in Paragraph 83 and the footnotes cited therein.

84.    The Director Defendants deny the allegations in Paragraph 84.

85.    The Director Defendants admit that the August 17, 2022 Supervisory Ratings Letter from the Federal Reserve Bank of San Francisco is addressed to "Board of Directors, Silicon Valley Bank/Silicon Valley Bank Financial Group," and contains the quoted language in Paragraph 85, but deny any characterizations of the document, which speaks for itself. The Director Defendants deny the remaining allegations in Paragraph 85.

86.    The Director Defendants admit that the SVB and SVB Governance and Risk Management Target Supervisory Letter dated May 21, 2022, contains the quoted language in Paragraph 86, but deny any characterizations of the document, which speaks for itself. The Director Defendants deny the remaining allegations in Paragraph 86 and the footnote cited therein.

87. The Director Defendants deny the allegations in Paragraph 87.

**C.   The Officer Defendants Bet the Bank on Long-Duration Held-to-Maturity Securities in Order to Fuel SVB's Short-Term Profits and Their Own Compensation While Concealing Substantial Interest Rate Risk Management Deficiencies**

The Director Defendants deny the allegations in Header IV.C.

88. The Director Defendants deny that the allegations in Paragraph 88 provide a fair and accurate statement of the matters described therein and therefore deny them.

89. The Director Defendants deny that the allegations in Paragraph 89 and the footnote cited therein provide a fair and accurate statement of the matters described therein and therefore deny them.

90. The Director Defendants deny that the allegations in the first, second, and third sentences of Paragraph 90 provide a fair and accurate statement of the matters described therein and therefore deny them. The Director Defendants respectfully refer the Court to SVBFG's SEC filings for the years 2019 to 2022 for a description of SVBFG's loan-to-deposit ratio as of the time of those filings and deny any inconsistent allegations in Paragraph 90. The Director Defendants deny the remaining allegations in Paragraph 90 and the footnote cited therein.

91. The Director Defendants deny that the allegations in Paragraph 91 and the footnote cited therein provide a fair and accurate statement of the matters described therein and therefore deny them.

92. The Director Defendants respectfully refer the Court to the referenced accounting standards for a complete and accurate statement of their contents and deny any inconsistent allegations in Paragraph 92 and the footnote cited therein. The Director Defendants respectfully refer the Court to SVBFG's SEC filings for a description of its debt securities portfolios and deny any inconsistent allegations in Paragraph 92 and the footnote cited therein. The Director Defendants deny the remaining allegations and the footnote cited therein.

93.     To the extent the allegations in Paragraph 93 consist of Plaintiffs' characterization of ASC 320, this accounting standard speaks for itself and no answer is required.  The Director Defendants deny the remaining allegations in Paragraph 93 and the footnote cited therein.

94.     To the extent the allegations in Paragraph 94 consist of Plaintiffs' characterization of ASC 320, this accounting standard speaks for itself and no answer is required.  The Director Defendants deny the remaining allegations in Paragraph 94.

95.     The Director Defendants respectfully refer the Court to SVBFG's SEC filings for the years 2018 to 2021 for a description of SVBFG's investments and total assets of the time of those filings and deny any inconsistent allegations in Paragraph 95.  The Director Defendants deny the remaining allegations in Paragraph 95 and the footnote cited therein.

96.     The Director Defendants admit that the SVB 2018 CAMELS Examination Report, dated March 6, 2019, contains the quoted language in Paragraph 96, but deny any characterizations of the document, which speaks for itself.  The Director Defendants respectfully refer the Court to SVBFG's SEC filings for the years 2018 and 2019 for a description of SVBFG's investments and total assets of the time of those filings and deny any inconsistent allegations in Paragraph 96.  The Director Defendants deny the remaining allegations in Paragraph 96.

97.     The Director Defendants admit that the Q1 2021 earnings call transcript contains the quoted language in Paragraph 97, but deny any characterizations of the document, which speaks for itself.  The Director Defendants respectfully refer the Court to SVBFG's Q1 2021 and Q2 2021 earnings releases and conference call transcripts, which speak for themselves, and deny any inconsistent allegations in Paragraph 97.  The Director Defendants deny the remaining allegations in Paragraph 97.

98.     The Director Defendants admit that the April 22, 2021 Evercore ISI analyst report contains the quoted language in the first quotation in the third sentence of Paragraph 98, but deny any characterizations of the document, which speaks for itself.  The Director Defendants admit that the April 23, 2021 Stephens analyst report contains the quoted language in the second

quotation in the third sentence of Paragraph 98, but deny any characterizations of the document, which speaks for itself. The Director Defendants admit that the April 23, 2021 J.P. Morgan analyst report contains the quoted language in the first quotation of the fourth sentence in Paragraph 98, but deny any characterizations of the document, which speaks for itself. The Director Defendants admit that the April 23, 2021 BofA Global Research analyst report contains the quoted language in the second quotation in the fourth sentence of Paragraph 98, but deny any characterizations of the document, which speaks for itself. The Director Defendants deny the remaining allegations in Paragraph 98.

99.    To the extent the allegations in Paragraph 99 consist of legal conclusions, no answer is required. To the extent an answer is required, the Director Defendants deny the remaining allegations in Paragraph 99.

100.    The Director Defendants respectfully refer the Court to SVBFG's SEC filings for the years 2017 to 2021 for a description of SVBFG's investments and earnings as of the time of those filings and deny any inconsistent allegations in Paragraph 100. The Director Defendants respectfully refer the Court to publicly reported market services for a description of the historical trading prices for SVBFG's securities and deny any inconsistent allegations in the third sentence of Paragraph 100. The Director Defendants deny the remaining allegations in Paragraph 100.

101.    The Director Defendants deny the allegations in Paragraph 101.

102.    The Director Defendants deny that the allegations in the first and second sentences in Paragraph 102 provide a fair and accurate statement of the matters described therein and therefore deny them. The Director Defendants respectfully refer the Court to SVBFG's SEC filings for the years 2020 to 2023 for a description of its debt securities portfolios and deny any inconsistent allegations in Paragraph 102. The Director Defendants deny the remaining allegations in Paragraph 102 and the footnote cited therein.

103.    The Director Defendants deny the allegations in Paragraph 103.

104.    The Director Defendants deny the allegations in Paragraph 104.

105.    The Director Defendants deny that the allegations in Paragraph 105 provide a fair and accurate statement of the matters described therein and therefore deny them.

106.    The Director Defendants respectfully refer the Court to SVBFG's SEC filings for 2022 for a description of its liquidity and investment portfolios and deny any inconsistent allegations in Paragraph 106.  The Director Defendants deny the remaining allegations in Paragraph 106.

107.    The Director Defendants deny that the allegations in Paragraph 107 and the footnote cited therein provide a fair and accurate statement of the matters described therein and therefore deny them.

108.    The Director Defendants admit that SVBFG filed an Annual Report on Form 10-K with the SEC on March 1, 2022, that contains the quoted language in Paragraph 108, but deny any characterizations of the filing, which speaks for itself.  The Director Defendants deny the remaining allegations in Paragraph 108.

109.    The Director Defendants deny the allegations in Paragraph 109.

110.    The Director Defendants deny the allegations in Paragraph 110.

111.    The Director Defendants deny the allegations in Paragraph 111 and the footnotes cited therein.

112.    The Director Defendants deny the allegations in Paragraph 112 and the footnote cited therein.

113.    The Director Defendants admit that SVBFG filed a Quarterly Report on Form 10-Q with the SEC on May 6, 2022, that contains the excerpted table in the fifth sentence of Paragraph 113, but deny any characterizations of the filing, which speaks for itself.  The Director Defendants deny the remaining allegations in Paragraph 113 and the footnote cited therein.

114.    The Director Defendants admit that SVBFG filed a Quarterly Report with the SEC on August 8, 2022, that contains the excerpted table in Paragraph 114, but deny any characterizations of the filing, which speaks for itself.  The Director Defendants deny the remaining allegations in Paragraph 114.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

115.    The Director Defendants deny the allegations in Paragraph 115.

116.    The Director Defendants deny the allegations in Paragraph 116 and the footnote cited therein.

117.    The Director Defendants deny the allegations in Paragraph 117.

**D.    The Officer Defendants Manipulate Additional Modeling Assumptions to Conceal SVB's Rapidly Deteriorating Liquidity**

The Director Defendants deny the allegations in Header IV.D.

118.    The Director Defendants admit that the Federal Reserve Bank of San Francisco's October 24, 2008 article entitled, "What Is Liquidity Risk?" contains the quoted language in the second sentence of Paragraph 118, but deny any characterizations of the document, which speaks for itself.  The Director Defendants admit that the April 2023 article published by KPMG entitled "Liquidity & Funding Risks: Turbulent Times" contains the quoted language in the third sentence of Paragraph 118, but deny any characterizations of the document, which speaks for itself.  The Director Defendants deny the remaining allegations in Paragraph 118 and the footnotes cited therein.

119.    The Director Defendants deny that the allegations in Paragraph 119 provide a fair and accurate statement of the matters described therein and therefore deny them.

120.    The Director Defendants deny the allegations in Paragraph 120 and the footnote cited therein.

121.    Mr. Benhamou, Mr. Daniels, Ms. Davis, Mr. Dunbar, Mr. Friedman, Mr. Maggioncalda, Ms. Matthews, Ms. Miller, Ms. Mitchell, and Mr. Staglin admit that as of June 30, 2021, SVBFG passed the threshold of $100 billion in average total consolidated assets and was considered an LFI under the "Large Financial Institution (LFI) Rating System" of the Board of Governors of the Federal Reserve System set out in Supervisory Release 19-3 dated February 26, 2019.  Ms. Burr, who did not join SVBFG's board of directors until November 2021, lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in the first sentence of Paragraph 121, and on that basis denies them.  Mr. Robinson, who retired

from SVBFG's board of directors in April 2021, lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 121, and on that basis denies them. The Director Defendants respectfully refer the Court to the referenced supervisory guidance dated November 2, 2021, for a complete and accurate statement of its contents and deny any inconsistent allegations in Paragraph 121. The Director Defendants deny the remaining allegations in Paragraph 121 and the footnote cited therein.

122.    The Director Defendants deny the allegations in Paragraph 122.

123.    The Director Defendants deny the remaining allegations in Paragraph 123.

124.    The Director Defendants deny the allegations in Paragraph 124.

125.    The Director Defendants respectfully refer the Court to SVBFG's Quarterly Reports filed on Form 10-Q with the SEC on August 8, 2022 and November 7, 2022, respectively, for a description of SVBFG's liquidity and deny any inconsistent allegations in Paragraph 125. The Director Defendants deny the remaining allegations in Paragraph 125.

126.    The Director Defendants deny the allegations in Paragraph 126.

127.    The Director Defendants deny the allegations in Paragraph 127 and the footnote cited herein.

### E. The Officer Defendants Caused SVB to Misclassify Tens of Billions of Dollars in Investment Securities as Held-to-Maturity in Violation of Generally Accepted Accounting Principles

The Director Defendants deny the allegations in Header IV.E.

128.    The Director Defendants admit that SVBFG classified its investment securities as "held-to-maturity" or "available for sale," that these classifications were reported in SVBFG's financial statements that it filed with the SEC. The Director Defendants respectfully refer the Court to the referenced SEC filings for a description of the relevant securities holdings and classifications at the referenced times, and deny any inconsistent allegations in Paragraph 128. The Director Defendants deny the remaining allegations in Paragraph 128.

129.    The Director Defendants deny the allegations in Paragraph 129.

130.    To the extent the allegations in Paragraph 130 consist of Plaintiffs' characterization of GAAP, this accounting standard speaks for itself and no answer is required. To the extent the allegations in Paragraph 130 consist of Plaintiffs' characterization of ASC 320, this accounting standard speaks for itself and no answer is required. The Director Defendants deny the remaining allegations in Paragraph 130 and the footnote cited therein.

131.    To the extent the allegations in Paragraph 131 consist of Plaintiffs' characterization of GAAP, this accounting standard speaks for itself and no answer is required. To the extent the allegations in Paragraph 131 consist of Plaintiffs' characterization of ASC 320, this accounting standard speaks for itself and no answer is required. The Director Defendants deny the remaining allegations in Paragraph 131 and the footnote cited therein.

132.    The Director Defendants admit that the EY Guide contains the quoted language in the first and sixth sentences of Paragraph 132, but deny any characterizations of the document, which speaks for itself. The Director Defendants admit that the KPMG Guide contains the quoted language in the second sentence of Paragraph 132, but deny any characterizations of the document, which speaks for itself. To the extent the allegations in Paragraph 132 consist of Plaintiffs' characterization of GAAP, this accounting standard speaks for itself and no answer is required. To the extent the allegations in Paragraph 132 consist of Plaintiffs' characterization of ASC 320, this accounting standard speaks for itself and no answer is required. The Director Defendants deny the remaining allegations in Paragraph 132 and the footnotes cited therein.

133.    The Director Defendants admit that the KPMG Guide contains the quoted language in the second and third sentences of Paragraph 133, but deny any characterizations of the document, which speaks for itself. The Director Defendants admit that the PwC Guide contains the quoted language in the fourth sentence of Paragraph 133, but deny any characterizations of the document, which speaks for itself. To the extent the allegations in Paragraph 133 consist of Plaintiffs' characterization of GAAP, this accounting standard speaks for itself and no answer is required. To the extent the allegations in Paragraph 133 consist of Plaintiffs' characterization of ASC 320, this accounting standard speaks for itself and no answer

1   is required. The Director Defendants deny the remaining allegations in Paragraph 133 and the

2   footnotes cited therein.

3       134.    To the extent the allegations in Paragraph 134 consist of Plaintiffs'

4   characterization of GAAP, this accounting standard speaks for itself and no answer is required.

5   To the extent the allegations in Paragraph 134 consist of Plaintiffs' characterization of ASC 320,

6   this accounting standard speaks for itself and no answer is required.  The Director Defendants

7   deny the remaining allegations in Paragraph 134.

8       135.    The Director Defendants deny the allegations in Paragraph 135.

9       136.    The Director Defendants deny the allegations in Paragraph 136.

10      137.    The Director Defendants deny the allegations in Paragraph 137.

11      138.    The Director Defendants deny the allegations in Paragraph 138.

12  **F.    As the Relevant Truth About the Financial Impact of SVB's Deficient
        Governance and Risk Controls Was Revealed, Investors Suffer Substantial**
13      **Damages**

14      The Director Defendants deny the allegations in Header IV.F.

15      139.    The Director Defendants admit that SVBFG's July 21, 2022 Q2 2022 earnings

16  call transcript contains the quoted language in Paragraph 139, but deny any characterizations of

17  the document, which speaks for itself.  To the extent Paragraph 139 describes the percentage of a

18  decline in the price of SVBFG's common stock without alleging the values used to calculate the

19  percentage decline, the Director Defendants lack knowledge or information sufficient to form a

20  belief as to the truth or falsity of those allegations, and on that basis deny them.  The Director

21  Defendants deny the remaining allegations in Paragraph 139.

22      140.    The Director Defendants deny the allegations in Paragraph 140.

23      141.    The Director Defendants deny the allegations in Paragraph 141.

24      142.    The Director Defendants admit that SVBFG filed a press release with the SEC on

25  Form 8-K on October 10, 2022, regarding its Q3 2022 earnings release, but deny any

26  characterizations of the filing, which speaks for itself.  To the extent Paragraph 142 describes the

27  percentage of a decline in the price of SVBFG's common stock without alleging the values used

28

to calculate the percentage decline, the Director Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of those allegations, and on that basis deny them.  The Director Defendants deny the remaining allegations in Paragraph 142.

143.    The Director Defendants deny the allegations in Paragraph 143.

144.    The Director Defendants deny the allegations in Paragraph 144.

145.    The Director Defendants deny the allegations in Paragraph 145 and the footnotes cited therein.

146.    To the extent Paragraph 146 describes the percentage of a decline in the price of SVBFG's common stock without alleging the values used to calculate the percentage decline, the Director Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of those allegations, and on that basis deny them.  The Director Defendants deny the remaining allegations in Paragraph 146.

147.    The Director Defendants deny the allegations in Paragraph 147.

148.    The Director Defendants admit that Nasdaq restricted trading in SVBFG common stock from March 10 to March 28, 2023.  The Director Defendants admit that the DFPI closed the Bank and appointed the FDIC as receiver on March 10, 2023. The Director Defendants admit that the press release entitled "Nasdaq Halts SVB Financial Group" contains the quoted language in Paragraph 148, but deny any characterizations of the document, which speaks for itself.  The Director Defendants respectfully refer the Court to publicly reported market services for a description of the historical trading prices for SVBFG's securities and deny any inconsistent allegations in the third sentence of Paragraph 148.  The Director Defendants deny the remaining allegations in Paragraph 148 and the footnote cited therein.

## V.    THE OFFICER DEFENDANTS' FALSE AND MISLEADING STATEMENTS AND OMISSIONS

The Director Defendants deny the allegations in Header V.

### A.    Misrepresentations and Omissions Concerning SVB's Internal Controls and Preparedness for Large Financial Institution Status

The Director Defendants deny the allegations in Header V.A.

149.     The Director Defendants admit that SVBFG filed Annual Reports on Form 10-K with the SEC on February 28, 2020, March 1, 2021, March 1, 2022, and February 24, 2023, that contain the quoted language in the third, fourth, fifth, sixth, and seventh sentences of Paragraph 149, but deny any characterizations of the filings, which speak for themselves. The Director Defendants admit that SVBFG filed a Quarterly Report on Form 10-Q with the SEC on November 5, 2020, that purports to incorporate the Risk Factors contained in SVBFG's February 28, 2020 FY 2019 Form 10-K, but deny any characterizations of the filings, which speak for themselves.  The Director Defendants admit that SVBFG filed Quarterly Reports on Form 10-Q with the SEC on May 10, 2021, August 6, 2021, and November 8, 2021, that purport to incorporate the Risk Factors contained in SVBFG's March 1, 2021 FY 2020 Form 10-K, but deny any characterizations of the filings, which speak for themselves.  The Director Defendants admit that SVBFG filed Quarterly Reports on Form 10-Q with the SEC on May 6, 2022, August 8, 2022, and November 7, 2022, that purport to incorporate the Risk Factors contained in SVBFG's March 1, 2022 FY 2021 Form 10-K, but deny any characterizations of the filings, which speak for themselves. The Director Defendants deny the remaining allegations in Paragraph 149.

150.     The Director Defendants admit that SVBFG filed Annual Reports on Form 10-K with the SEC on February 28, 2020, March 1, 2021, and March 1, 2022, that contain the quoted language in the second and third sentences of Paragraph 150, but deny any characterizations of the filings, which speak for themselves.  The Director Defendants admit that SVBFG filed a Quarterly Report on Form 10-Q with the SEC on November 5, 2020, that purports to incorporate the Risk Factors contained in SVBFG's February 28, 2020 FY 2019 Form 10-K, but deny any characterizations of the filings, which speak for themselves.  The Director Defendants admit that SVBFG filed Quarterly Reports on Form 10-Q with the SEC on May 10, 2021, August 6, 2021, and November 8, 2021, that purport to incorporate the Risk Factors contained in SVBFG's March 1, 2021 FY 2020 Form 10-K, but deny any characterizations of the filings, which speak for themselves.  The Director Defendants admit that SVBFG filed Quarterly Reports on Form

1  10-Q with the SEC on May 6, 2022, August 8, 2022, and November 7, 2022, that purport to

2  incorporate the Risk Factors contained in SVBFG's March 1, 2022 FY 2021 Form 10-K, but

3  deny any characterizations of the filings, which speak for themselves.  The Director Defendants

4  admit that SVBFG filed an Annual Report on Form 10-K with the SEC on February 24, 2023,

5  that contains the quoted language in Footnote 45 to Paragraph 150, but deny any

6  characterizations of the filing, which speaks for itself.  The Director Defendants deny the

7  remaining allegations in Paragraph 150 and the footnote cited therein.

8      151.    The Director Defendants admit that SVBFG filed with the SEC Quarterly Reports

9  on Form 10-Q on November 5, 2020, May 10, 2021, August 6, 2021, November 8, 2021, May 6,

10  2022, August 8, 2022, and November 7, 2022, and Annual Reports on Form 10-K on March 1,

11  2021, March 1, 2022, and February 24, 2023, that contain the quoted language in Paragraph 151,

12  but deny any characterizations of the filings, which speak for themselves.  The Director

13  Defendants deny the remaining allegations in Paragraph 151.

14      152.    The Director Defendants admit that SVBFG filed Annual Reports on Form 10-K

15  with the SEC on February 28, 2020, March 1, 2021, March 1, 2022, and February 24, 2023, that

16  contain the quoted language in the first sentence of Paragraph 152, but deny any

17  characterizations of the filings, which speak for themselves. The Director Defendants admit that

18  SVBFG filed a Quarterly Report on Form 10-Q with the SEC on November 5, 2020, that

19  purports to incorporate the Risk Factors contained in SVBFG's February 28, 2020 FY 2019 Form

20  10-K, but deny any characterizations of the filings, which speak for themselves.  The Director

21  Defendants admit that SVBFG filed Quarterly Reports on Form 10-Q with the SEC on May 10,

22  2021, August 6, 2021, and November 8, 2021, that purport to incorporate the Risk Factors

23  contained in SVBFG's March 1, 2021 FY 2020 Form 10-K, but deny any characterizations of the

24  filings, which speak for themselves.  The Director Defendants admit that SVBFG filed Quarterly

25  Reports on Form 10-Q with the SEC on May 6, 2022, August 8, 2022, and November 7, 2022,

26  that purport to incorporate the Risk Factors contained in SVBFG's March 1, 2022 FY 2021 Form

27

28

10-K, but deny any characterizations of the filings, which speak for themselves.  The Director Defendants deny the remaining allegations in Paragraph 152.

153.    The Director Defendants admit that SVBFG filed Annual Reports on Form 10-K on March 1, 2021, March 1, 2022, and February 24, 2023, that contain the quoted language in Paragraph 153, but deny any characterizations of the documents, which speak for themselves. The Director Defendants deny the remaining allegations in Paragraph 153.

154.    The Director Defendants admit that SVBFG filed Proxy Statements on Schedule 14A with the SEC on March 4, 2021 and March 4, 2022, that contained the quoted language in Paragraph 154, but deny any characterizations of the filings, which speak for themselves.  The Director Defendants deny the remaining allegations in Paragraph 154.

155.    The Director Defendants admit that the April 22, 2021 Q1 2021 earnings call transcript contains the quoted language in Paragraph 155, but deny any characterizations of the document, which speaks for itself.  The Director Defendants deny the remaining allegations in Paragraph 155.

156.    The Director Defendants admit that the July 22, 2021 Q2 2021 earnings call transcript contains the quoted language in Paragraph 156, but deny any characterizations of the document, which speaks for itself.  The Director Defendants deny the remaining allegations in Paragraph 156.

157.    The Director Defendants admit that SVBFG filed a Proxy Statement on Schedule 14A with the SEC on March 4, 2022, that contains the quoted language in Paragraph 157, but deny any characterizations of the filing, which speaks for itself.  The Director Defendants deny the remaining allegations in Paragraph 157.  The Director Defendants admit that the January 19, 2023 Q4 2022 earnings call transcript contains the quoted language in Paragraph 158, but deny any characterizations of the document, which speaks for itself.

158.    The Director Defendants deny the remaining allegations in Paragraph 158.

159.    The Director Defendants admit that SVBFG filed a Proxy Statement on Schedule 14A with the SEC on March 3, 2023, that contains the quoted language in Paragraph 159, but

deny any characterizations of the filing, which speaks for itself.  The Director Defendants deny the remaining allegations in Paragraph 159.

160.    The allegations in Paragraph 160 and the headers contained therein are directed at parties other than the Director Defendants, and no answer is required.  To an extent an answer is required, the Director Defendants deny the allegations in Paragraph 160.

**B.    Misrepresentations and Omissions Concerning SVB's Liquidity Management**

The Director Defendants deny the allegations in Header V.B.

161.    The Director Defendants admit that SVBFG filed Quarterly Reports on Form 10-Q with the SEC on November 5, 2020, May 10, 2021, August 6, 2021, November 8, 2021, May 6, 2022, August 8, 2022, and November 7, 2022, and Annual Reports on Form 10-K on March 1, 2021, March 1, 2022, and February 24, 2023, that contain the quoted language in the first sentence of Paragraph 161, but deny any characterizations of the filings, which speak for themselves.  The Director Defendants admit that SVBFG filed Quarterly Reports on Form 10-Q with the SEC on November 5, 2020, May 10, 2021, August 6, 2021, and November 8, 2021, and Annual Reports on Form 10-K on March 1, 2021, and March 1, 2022, that contain the quoted language in the second sentence of Paragraph 161, but deny any characterizations of the filings, which speak for themselves.  The Director Defendants deny the remaining allegations in Paragraph 161.

162.    The Director Defendants admit that the April 22, 2021 Q1 2021 earnings call transcript contains the quoted language in Paragraph 162, but deny any characterizations of the document, which speaks for itself.  The Director Defendants deny the remaining allegations in Paragraph 162.

163.    The Director Defendants admit that the January 20, 2022 Q4 2021 earnings call transcript contains the quoted language in Paragraph 163, but deny any characterizations of the document, which speaks for itself.  The Director Defendants deny the remaining allegations in Paragraph 163.

164.     The Director Defendants admit that SVBFG filed Quarterly Reports on Form 10-Q with the SEC on May 6, 2022, August 8, 2022, and November 7, 2022, and an Annual Report on Form 10-K on February 24, 2023, that contain the quoted language in Paragraph 164, but deny any characterizations of the filings, which speak for themselves.  The Director Defendants deny the remaining allegations in Paragraph 164.

165.     The Director Defendants admit that SVBFG filed a Form 8-K with the SEC on July 21, 2022, that contains the quoted language in Paragraph 165, but deny any characterizations of the filing, which speaks for itself.  The Director Defendants deny the remaining allegations in Paragraph 165.

166.     The Director Defendants admit that the July 21, 2022 Q2 2022 earnings call transcript contains the quoted language in Paragraph 166, but deny any characterizations of the document, which speaks for itself.  The Director Defendants deny the remaining allegations in Paragraph 166.

167.     The Director Defendants admit that the October 20, 2022 Q3 2022 earnings call transcript contains the quoted language in Paragraph 167, but deny any characterizations of the document, which speaks for itself.  The Director Defendants deny the remaining allegations in Paragraph 167.

168.     The Director Defendants deny the allegations in Paragraph 168.

169.     The Director Defendants admit that the transcript from the December 7, 2022 Goldman Sachs US Financial Services Conference contains the quoted language in Paragraph 169, but deny any characterizations of the document, which speaks for itself.  The Director Defendants deny the remaining allegations in Paragraph 169.

170.     The Director Defendants admit that SVBFG filed a Form 8-K with the SEC on January 19, 2023, that contains the quoted language in Paragraph 170, but deny any characterizations of the filing, which speaks for itself.  The Director Defendants deny the remaining allegations in Paragraph 170.

171.    The Director Defendants admit that the January 19, 2023 Q4 2022 earnings call transcript contains the quoted language in Paragraph 171, but deny any characterizations of the document, which speaks for itself.  The Director Defendants deny the remaining allegations in Paragraph 171.

172.    The Director Defendants admit that the January 19, 2023 Q4 2022 earnings call transcript contains the quoted language in Paragraph 172, but deny any characterizations of the document, which speaks for itself.  The Director Defendants deny the remaining allegations in Paragraph 172.

173.    The Director Defendants admit that the February 22, 2023 article published in *The Financial Times* entitled "Silicon Valley Bank Profit Squeeze in Tech Downturn Attracts Short Sellers" contains the quoted language in Paragraph 173, but deny any characterizations of the document, which speaks for itself.  The Director Defendants deny the remaining allegations in Paragraph 173.

174.    The allegations in Paragraph 174 and the headers therein are directed at parties other than the Director Defendants, and no answer is required.  To an extent an answer is required, the Director Defendants deny the allegations in Paragraph 174.

### C.    Misrepresentations and Omissions Concerning SVB's Interest Rate Risk Management

The Director Defendants deny the allegations in Header V.C.

175.    The Director Defendants admit that SVBFG filed Quarterly Reports on Form 10-Q with the SEC on November 5, 2020, May 10, 2021, August 6, 2021, November 8, 2021, May 6, 2022, August 8, 2022, and November 7, 2022, and Annual Reports on Form 10-K on March 1, 2021, March 1, 2022, and February 24, 2023, that contain the quoted language in Paragraph 175, but deny any characterizations of the filings, which speak for themselves.  The Director Defendants deny the remaining allegations in Paragraph 175.

176.    The Director Defendants admit that SVBFG filed Quarterly Reports on Form 10-Q with the SEC on May 10, 2021, August 6, 2021, November 8, 2021, May 6, 2022, August 8,

2022, and November 7, 2022, and Annual Reports on Form 10-K on March 1, 2021 and March 1, 2022, that contain the quoted language in Paragraph 176, but deny any characterizations of the filings, which speak for themselves. The Director Defendants admit that SVBFG filed an Annual Report on Form 10-K with the SEC on February 24, 2023, that contains the quoted language in the footnote cited in Paragraph 176, but deny any characterizations of the filing, which speaks for itself. The Director Defendants deny the remaining allegations in Paragraph 176 and the footnote cited therein.

177.    The Director Defendants admit that SVBFG filed Quarterly Reports on Form 10-Q with the SEC on May 10, 2021, August 6, 2021, November 8, 2021, May 6, 2022, August 8, 2022, and November 7, 2022, and Annual Reports on Form 10-K on March 1, 2021, March 1, 2022, and February 24, 2023, that contain the information in the table in Paragraph 177, but deny any characterizations of the filings, which speak for themselves. The Director Defendants deny the remaining allegations in Paragraph 177.

178.    The Director Defendants admit that SVBFG filed a Form 8-K with the SEC on January 19, 2023, that contains the quoted language in Paragraph 178, but deny any characterizations of the filing, which speaks for itself. The Director Defendants deny the remaining allegations in Paragraph 178.

179.    The Director Defendants admit that the April 22, 2021 Q1 2021 earnings call transcript contains the quoted language in Paragraph 179, but deny any characterizations of the document, which speaks for itself. The Director Defendants deny the remaining allegations in Paragraph 179.

180.    The Director Defendants admit that SVBFG filed a Form 8-K with the SEC on July 22, 2021, that contains the quoted language in Paragraph 180, but deny any characterizations of the filing, which speaks for itself. The Director Defendants deny the remaining allegations in Paragraph 180.

181.    The Director Defendants admit that the July 22, 2021 Q2 2021 earnings call transcript contains the quoted language in Paragraph 181, but deny any characterizations of the

document, which speaks for itself. The Director Defendants deny the remaining allegations in Paragraph 181.

182. The Director Defendants admit that the October 21, 2021 Q3 2021 earnings call transcript contains the quoted language in Paragraph 182, but deny any characterizations of the document, which speaks for itself. The Director Defendants deny the remaining allegations in Paragraph 182.

183. The Director Defendants admit that SVBFG filed an Annual Report on Form 10-K with the SEC on January 20, 2022, that contains the quoted language in Paragraph 183, but deny any characterizations of the filing, which speaks for itself.

184. The Director Defendants admit that the January 20, 2022 Q4 2021 earnings call transcript contains the quoted language in Paragraph 184, but deny any characterizations of the document, which speaks for itself. The Director Defendants deny the remaining allegations in Paragraph 184.

185. The Director Defendants admit that SVBFG filed a Form 8-K with the SEC on April 21, 2022, that contains the quoted language in Paragraph 185, but deny any characterizations of the filing, which speaks for itself. The Director Defendants deny the remaining allegations in Paragraph 185.

186. The Director Defendants admit that the April 21, 2022 Q1 2022 earnings call transcript contains the quoted language in Paragraph 186, but deny any characterizations of the document, which speaks for itself. The Director Defendants deny the remaining allegations in Paragraph 186.

187. The Director Defendants admit that the April 21, 2022 Q1 2022 earnings call transcript contains the quoted language in Paragraph 187, but deny any characterizations of the document, which speaks for itself. The Director Defendants deny the remaining allegations in Paragraph 187.

188. The Director Defendants admit that SVBFG filed a Quarterly Report on Form 10-Q with the SEC on May 6, 2022, that contains the quoted language in Paragraph 188, but deny

any characterizations of the filing, which speaks for itself. The Director Defendants deny the remaining allegations in Paragraph 188.

189.    The Director Defendants admit that the July 21, 2022 Q2 2022 earnings call transcript contains the quoted language in Paragraph 189, but deny any characterizations of the document, which speaks for itself. The Director Defendants deny the remaining allegations in Paragraph 189.

190.    The Director Defendants admit that SVBFG filed a Quarterly Report on Form 10-Q with the SEC on August 8, 2022, that contains the quoted language in Paragraph 190, but deny any characterizations of the filing, which speaks for itself. The Director Defendants deny the remaining allegations in Paragraph 190.

191.    The Director Defendants admit that the transcript of the September 12, 2022 20th Annual Global Financial Services Conference contains the quoted language in Paragraph 191, but deny any characterizations of the document, which speaks for itself. The Director Defendants deny the remaining allegations in Paragraph 191.

192.    The allegations in Paragraph 192 and the headers therein are directed at parties other than the Director Defendants, and no answer is required. To an extent an answer is required, the Director Defendants deny the allegations in Paragraph 192.

**D.    Misrepresentations and Omissions Concerning SVB's AFS and HTM Securities**

The Director Defendants deny the allegations in Header V.D.

193.    The Director Defendants admit that SVBFG filed with the SEC Quarterly Reports on Form 10-Q on November 5, 2022, May 10, 2021, August 6, 2021, November 8, 2021, May 6, 2022, August 8, 2022, and November 7, 2022, and Annual Reports on Form 10-K on March 1, 2021, March 1, 2022, and February 24, 2023, that contain the information in the table in Paragraph 193, but deny any characterizations of the filings, which speak for themselves. The Director Defendants deny the remaining allegations in Paragraph 193.

194.    The Director Defendants admit that SVBFG filed Annual Reports on Form 10-K with the SEC on February 28, 2020, March 1, 2021, March 1, 2022, and February 24, 2023, that contain the quoted language in Paragraph 193, but deny any characterizations of the filings, which speak for themselves. The Director Defendants admit that SVBFG filed a Quarterly Report on Form 10-Q with the SEC on November 5, 2020, that purports to incorporate the Summary of Significant Accounting Policies in SVBFG's February 28, 2020 FY 2019 Form 10-K, but deny any characterizations of the filings, which speak for themselves.  The Director Defendants admit that SVBFG filed Quarterly Reports on Form 10-Q with the SEC on May 10, 2021, August 6, 2021, and November 8, 2021, that purport to incorporate the Summary of Significant Accounting Policies in SVBFG's March 1, 2021 FY 2020 Form 10-K, but deny any characterizations of the filings, which speak for themselves.  The Director Defendants admit that SVBFG filed Quarterly Reports on Form 10-Q with the SEC on May 6, 2022, August 8, 2022, and November 7, 2022, that purport to incorporate the Summary of Significant Accounting Policies in SVBFG's March 1, 2022 FY 2021 Form 10-K, but deny any characterizations of the filings, which speak for themselves.  The Director Defendants deny the remaining allegations in Paragraph 194.

195.    The Director Defendants admit that SVBFG filed a Quarterly Report on Form 10-Q with the SEC on April 22, 2021, that contains the quoted language in Paragraph 195, but deny any characterizations of the filing, which speaks for itself.  The Director Defendants deny the remaining allegations in Paragraph 195.

196.    The Director Defendants admit that SVBFG filed a Quarterly Report on Form 10-Q with the SEC on May 10, 2021, but deny any characterizations of the filing, which speaks for itself.  The Director Defendants respectfully refer the Court to SVBFG's May 10, 2021 Form 10-Q for a description of SVBFG's designations of securities at the time of that filing and deny any inconsistent allegations in Paragraph 196.

197.    The Director Defendants admit that SVBFG filed with the SEC Quarterly Reports on Form 10-Q on May 10, 2021, August 6, 2021, and November 8, 2021, and Annual Reports on

Form 10-K on March 1, 2022, and February 24, 2023, that contain the quoted language in Paragraph 197, but deny any characterizations of the filings, which speak for themselves.  The Director Defendants deny the remaining allegations in Paragraph 197.

198.    The Director Defendants admit that SVBFG filed a Quarterly Report on Form 10-Q with the SEC on August 6, 2021, but deny any characterizations of the filing, which speaks for itself.  The Director Defendants respectfully refer the Court to SVBFG's August 6, 2021 Form 10-Q for a description of SVBFG's designations of securities at the time of that filing and deny any inconsistent allegations in Paragraph 198.

199.    The Director Defendants admit that SVBFG filed a Quarterly Report on Form 10-Q with the SEC on November 8, 2021, and filed an Annual Report on Form 10-K with the SEC on March 1, 2022, but deny any characterizations of the filings, which speak for themselves.  The Director Defendants respectfully refer the Court to SVBFG's November 8, 2021 Form 10-Q and March 1, 2022 Form 10-K for a description of SVBFG's designations of securities at the time of those filings and deny any inconsistent allegations in Paragraph 199.

200.    The allegations in Paragraph 200 are directed at parties other than the Director Defendants, and no answer is required.  To an extent an answer is required, the Director Defendants deny the allegations in Paragraph 200.

## VI.    ADDITIONAL SCIENTER ALLEGATIONS

Header VI contains Plaintiffs' characterizations of the Complaint and contains no factual allegations for which an answer is required.

### A.    The Officer Defendants' Personal Involvement in and Knowledge of SVB's Risk Management Issues Establishes Their Scienter

The allegations in Header VI.A. are directed at parties other than the Director Defendants, and no answer is required.

201.    The allegations in Paragraph 201 are directed at parties other than the Director Defendants, and no answer is required.

202.    The allegations in Paragraph 202 are directed at parties other than the Director Defendants, and no answer is required.

203.    The allegations in Paragraph 203 are directed at parties other than the Director Defendants, and no answer is required.

204.    The allegations in Paragraph 204 are directed at parties other than the Director Defendants, and no answer is required.

**B.      The Officer Defendants Had Motive to Commit the Fraud**

The allegations in Header VI.B. are directed at parties other than the Director Defendants, and no answer is required.

**1.      SVB's Compensation Structure Incentivized the Officer Defendants to Commit Fraud**

The allegations in Header VI.B.1. are directed at parties other than the Director Defendants, and no answer is required.

205.    The allegations in Paragraph 205 are directed at parties other than the Director Defendants, and no answer is required.

206.    The allegations in Paragraph 206 are directed at parties other than the Director Defendants, and no answer is required.

207.    The allegations in Paragraph 207 are directed at parties other than the Director Defendants, and no answer is required.

208.    The allegations in Paragraph 208 are directed at parties other than the Director Defendants, and no answer is required.

209.    The allegations in Paragraph 209 are directed at parties other than the Director Defendants, and no answer is required.

210.    The allegations in Paragraph 210 are directed at parties other than the Director Defendants, and no answer is required.

211.    The allegations in Paragraph 211 are directed at parties other than the Director Defendants, and no answer is required.

212.    The allegations in Paragraph 212 are directed at parties other than the Director Defendants, and no answer is required.

213.    The allegations in Paragraph 213 are directed at parties other than the Director Defendants, and no answer is required.

### 2.    The Officer Defendants Engaged in Suspicious Stock Sales During the Relevant Period

The allegations in Header VI.B.2. are directed at parties other than the Director Defendants, and no answer is required.

214.    The allegations in Paragraph 214 are directed at parties other than the Director Defendants, and no answer is required.

215.    The allegations in Paragraph 215 are directed at parties other than the Director Defendants, and no answer is required.

216.    The allegations in Paragraph 216 are directed at parties other than the Director Defendants, and no answer is required.

217.    The allegations in Paragraph 217 are directed at parties other than the Director Defendants, and no answer is required.

## VII.    LOSS CAUSATION

Header VII contains Plaintiffs' characterizations of the Complaint and contains no factual allegations for which an answer is required.

218.    The Director Defendants deny the allegations in Paragraph 218.

219.    To the extent the allegations in Paragraph 219 consist of legal conclusions, no answer is required.  To the extent an answer is required, the Director Defendants deny the remaining allegations in Paragraph 219.

220.    The Director Defendants deny the allegations in Paragraph 220.

221.    The Director Defendants deny the allegations in Paragraph 221.

222.    The Director Defendants deny the allegations in Paragraph 222.

223.     The Director Defendants admit that the July 21, 2022 earnings call transcript contains the quoted language in Paragraph 223, but deny any characterizations of the document, which speaks for itself. The Director Defendants deny the remaining allegations in Paragraph 223.

224.     To the extent Paragraph 224 describes the percentage of a decline in the price of SVBFG's common stock without alleging the values used to calculate the percentage decline, the Director Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of those allegations, and on that basis deny them.  The Director Defendants deny the remaining allegations in Paragraph 224.

225.     The Director Defendants deny the allegations in Paragraph 225.

226.     The Director Defendants deny the allegations in Paragraph 226.

227.     The Director Defendants respectfully refer the Court to SVBFG's October 20, 2022 earnings call transcript for a description of SVBFG's financial results and financial estimates and deny any inconsistent allegations in Paragraph 227.  The Director Defendants deny the remaining allegations in Paragraph 227.

228.     To the extent Paragraph 228 describes the percentage of a decline in the price of SVBFG's common stock without alleging the values used to calculate the percentage decline, the Director Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of those allegations, and on that basis deny them.  The Director Defendants deny the remaining allegations in Paragraph 228.

229.     The Director Defendants deny the allegations in Paragraph 229.

230.     The Director Defendants admit that SVBFG filed a Form 8-K with the SEC on March 8, 2023, that contains the quoted language in Paragraph 230, but deny any characterizations of the filing, which speaks for itself.   The Director Defendants deny the remaining allegations in Paragraph 230.

231.     The Director Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 231, and on that basis deny them.

232.    To the extent Paragraph 232 describes the percentage of a decline in the price of SVBFG's common stock or SVB Series 5.25 preferred stock without alleging the values used to calculate the percentage decline, the Director Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of those allegations, and on that basis deny them.  The Director Defendants deny the remaining allegations in Paragraph 232.

233.    The Director Defendants admit that the March 10, 2023 Nasdaq press release entitled "Nasdaq Halts SVB Financial Group" contains the quoted language in the fourth sentence of Paragraph 233, but deny any characterizations of the document, which speaks for itself.  The Director Defendants admit that Nasdaq restricted trading in SVBFG common stock from March 10 to March 28, 2023.  The Director Defendants admit that the DFPI closed the Bank and appointed the FDIC as receiver on March 10, 2023.  The Director Defendants admit that SVBFG filed a chapter 11 bankruptcy petition on March 17, 2023.  The Director Defendants respectfully refer the Court to publicly reported market services for a description of the historical trading prices for SVBFG's securities and deny any inconsistent allegations in the eighth sentence of Paragraph 233.  The Director Defendants deny the remaining allegations in Paragraph 233 and the footnote cited therein.

## VIII.    APPLICABILITY OF THE PRESUMPTION OF RELIANCE:  FRAUD ON THE MARKET

Header VIII contains Plaintiffs' characterizations of the Complaint and contains no factual allegations for which an answer is required.

234.    To the extent the allegations in Paragraph 234 consist of legal conclusions, no answer is required.  To the extent an answer is required, the Director Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 234, and on that basis deny them.

235.    To the extent the allegations in Paragraph 235 consist of legal conclusions, no answer is required.  To the extent an answer is required, the Director Defendants deny the remaining allegations in Paragraph 235.

236.    To the extent the allegations in Paragraph 236 consist of legal conclusions, no answer is required.  To the extent an answer is required, the Director Defendants deny the remaining allegations in Paragraph 236.

## COUNT I

**For Violation of §10(b) of the Exchange Act
and Rule 10b-5
Against the Officer Defendants**

The Director Defendants deny the allegations in the header found at page 92, lines 3 through 5.

237.    The allegations in Paragraph 237 are directed at parties other than the Director Defendants, and no answer is required.

238.    The allegations in Paragraph 238 are directed at parties other than the Director Defendants, and no answer is required.

239.    The allegations in Paragraph 239 are directed at parties other than the Director Defendants, and no answer is required.

240.    The allegations in Paragraph 240 are directed at parties other than the Director Defendants, and no answer is required.

241.    The allegations in Paragraph 241 are directed at parties other than the Director Defendants, and no answer is required.

242.    The allegations in Paragraph 242 are directed at parties other than the Director Defendants, and no answer is required.

243.    The allegations in Paragraph 243 are directed at parties other than the Director Defendants, and no answer is required.

244.    The allegations in Paragraph 244 are directed at parties other than the Director Defendants, and no answer is required.

245.    The allegations in Paragraph 245 are directed at parties other than the Director Defendants, and no answer is required.

246.    The allegations in Paragraph 246 are directed at parties other than the Director Defendants, and no answer is required.

247.    The allegations in Paragraph 247 are directed at parties other than the Director Defendants, and no answer is required.

**COUNT II**

**For Violation of §20(a) of the Exchange Act**
**Against the Individual Defendants**

The Director Defendants deny the allegations in the header found at page 94, lines 3 through 5.

248.    The Director Defendants repeat and re-allege each and every response to the preceding allegations as if fully set forth herein.

249.    To the extent the allegations in Paragraph 249 consist of legal conclusions, no answer is required.  To the extent an answer is required, the Director Defendants deny the remaining allegations in Paragraph 249.

250.    To the extent the allegations in Paragraph 250 consist of legal conclusions, no answer is required.  To the extent an answer is required, the Director Defendants deny the remaining allegations in Paragraph 250.

## IX.    SECURITIES ACT ALLEGATIONS

Header IX contains Plaintiffs' characterizations of the Complaint and contains no factual allegations for which an answer is required.

### A.    The Relevant Offerings

Header IX.A. contains Plaintiffs' characterizations of the Complaint and contains no factual allegations for which an answer is required.

251.    To the extent the allegations in Paragraph 251 consist of legal conclusions, no answer is required.  To the extent an answer is required, the Director Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 251, and on that basis deny them.

252.    Paragraph 252 contains Plaintiffs' characterizations of the Complaint and contains no factual allegations for which an answer is required.

253.    The Director Defendants admit that SVBFG filed a Registration Statement on Form S-3 ASR with the SEC on November 15, 2019 authorizing the offering or sale of SVBFG senior debt securities, subordinated debt securities, common stock, preferred stock, depositary shares, warrants, units, and stock purchase contracts.  The Director Defendants admit that the Registration Statement was declared effective on November 15, 2019.

254.    To the extent the allegations in Paragraph 254 consist of legal conclusions, no answer is required.  To the extent an answer is required, the Director Defendants respectfully refer the Court to the referenced offering documents, which speak for themselves, and deny any inconsistent allegations in Paragraph 254.

255.    The Director Defendants admit that SVBFG filed a Prospectus Supplement on Form 424B2 with the SEC on January 28, 2021, but respectfully refer the Court to the referenced offering documents, which speak for themselves, and deny any inconsistent allegations in Paragraph 255.  The allegations in the third sentence of Paragraph 255 contain Plaintiffs' characterizations of the Complaint and contain no factual allegations for which an answer is required.

256.    The Director Defendants admit that SVBFG filed a Prospectus Supplement on Form 424B2 with the SEC on January 28, 2021, but respectfully refer the Court to the referenced offering documents, which speak for themselves, and deny any inconsistent allegations in Paragraph 256.  The allegations in the third sentence of Paragraph 256 contain Plaintiffs' characterizations of the Complaint and contain no factual allegations for which an answer is required.

257.    The Director Defendants admit that SVBFG filed a Prospectus Supplement on Form 424B2 with the SEC on May 10, 2021, but respectfully refer the Court to the referenced offering documents, which speak for themselves, and deny any inconsistent allegations in Paragraph 257.  The allegations in the third sentence of Paragraph 257 contain Plaintiffs'

1  characterizations of the Complaint and contain no factual allegations for which an answer is

2  required.

3       258.    The Director Defendants admit that SVBFG filed a Prospectus Supplement on

4  Form 424B2 with the SEC on May 10, 2021, but respectfully refer the Court to the referenced

5  offering documents, which speak for themselves, and deny any inconsistent allegations in

6  Paragraph 258.  The allegations in the third sentence of Paragraph 258 contain Plaintiffs'

7  characterizations of the Complaint and contain no factual allegations for which an answer is

8  required.

9       259.    The Director Defendants admit that SVBFG filed a Prospectus Supplement on

10 Form 424B2 with the SEC on October 27, 2021, but respectfully refer the Court to the referenced

11 offering documents, which speak for themselves, and deny any inconsistent allegations in

12 Paragraph 259.  The allegations in the third sentence of Paragraph 259 contain Plaintiffs'

13 characterizations of the Complaint and contain no factual allegations for which an answer is

14 required.

15      260.    The Director Defendants admit that SVBFG filed a Prospectus Supplement on

16 Form 424B2 with the SEC on October 27, 2021, but respectfully refer the Court to the referenced

17 offering documents, which speak for themselves, and deny any inconsistent allegations in

18 Paragraph 260.  The allegations in the third sentence of Paragraph 260 contain Plaintiffs'

19 characterizations of the Complaint and contain no factual allegations for which an answer is

20 required.

21      261.    The Director Defendants admit that SVBFG filed a Prospectus Supplement on

22 Form 424B2 with the SEC on October 27, 2021, but respectfully refer the Court to the referenced

23 offering documents, which speak for themselves, and deny any inconsistent allegations in

24 Paragraph 261.  The allegations in the third sentence of Paragraph 261 contain Plaintiffs'

25 characterizations of the Complaint and contain no factual allegations for which an answer is

26 required.

27

28

262.    The Director Defendants admit that SVBFG filed a Prospectus Supplement on Form 424B2 with the SEC on April 28, 2022, but respectfully refer the Court to the referenced offering documents, which speak for themselves, and deny any inconsistent allegations in Paragraph 262.  The allegations in the third sentence of Paragraph 262 contain Plaintiffs' characterizations of the Complaint and contain no factual allegations for which an answer is required.

263.    Paragraph 263 contains Plaintiffs' characterizations of the Complaint and contains no factual allegations for which an answer is required.

264.    The allegations in the first sentence of Paragraph 264 contain Plaintiffs' characterizations of the Complaint and contain no factual allegations for which an answer is required.  To the extent the allegations in the second and third sentences of Paragraph 264 contain legal conclusions, no answer is required.  To the extent the allegations in the second and third sentences of Paragraph 264 consist of Plaintiffs' characterizations of the referenced offering documents, the Director Defendants deny any characterizations of the offering documents, which speak for themselves.  The Director Defendants deny the remaining allegations in Paragraph 264.

**B.    The Offering Materials Contained Untrue Statements of Material Fact and/or Omitted Facts Necessary to Make the Statements Made Therein Not False or Misleading**

The Director Defendants deny the allegations in Header IX.B.

### 1.    Untrue Statements and Omissions About SVB's Internal Controls

The Director Defendants deny the allegations in Header IX.B.1.

265.    The Director Defendants admit that SVBFG filed Annual Reports on Form 10-K with the SEC on February 28, 2020, March 1, 2021, March 1, 2022, and February 24, 2023, that contain the quoted language in the second, third, fourth, fifth, and sixth sentences of Paragraph 265, but deny any characterizations of the filings, which speak for themselves. The Director Defendants admit that SVBFG filed a Quarterly Report on Form 10-Q with the SEC on November 5, 2020, that purports to incorporate the Risk Factors contained in SVBFG's February 28, 2020 FY 2019 Form 10-K, but deny any characterizations of the filings, which speak for

themselves.  The Director Defendants admit that SVBFG filed Quarterly Reports on Form 10-Q with the SEC on May 10, 2021, August 6, 2021, and November 8, 2021, that purport to incorporate the Risk Factors contained in SVBFG's March 1, 2021 FY 2020 Form 10-K, but deny any characterizations of the filings, which speak for themselves.  The Director Defendants admit that SVBFG filed Quarterly Reports on Form 10-Q with the SEC on May 6, 2022, August 8, 2022, and November 7, 2022, that purport to incorporate the Risk Factors contained in SVBFG's March 1, 2022 FY 2021 Form 10-K, but deny any characterizations of the filings, which speak for themselves. The Director Defendants deny the remaining allegations in Paragraph 265.

266.    The Director Defendants admit that SVBFG filed Annual Reports on Form 10-K with the SEC on February 28, 2020, March 1, 2021, March 1, 2022, and February 24, 2023, that contain the quoted language in the first, second, and third sentences of Paragraph 266, but deny any characterizations of the filings, which speak for themselves.  The Director Defendants admit that SVBFG filed a Quarterly Report on Form 10-Q with the SEC on November 5, 2020, that purports to incorporate the Risk Factors contained in SVBFG's February 28, 2020 FY 2019 Form 10-K, but deny any characterizations of the filings, which speak for themselves.  The Director Defendants admit that SVBFG filed Quarterly Reports on Form 10-Q with the SEC on May 10, 2021, August 6, 2021, and November 8, 2021, that purport to incorporate the Risk Factors contained in SVBFG's March 1, 2021 FY 2020 Form 10-K, but deny any characterizations of the filings, which speak for themselves.  The Director Defendants admit that SVBFG filed Quarterly Reports on Form 10-Q with the SEC on May 6, 2022, August 8, 2022, and November 7, 2022, that purport to incorporate the Risk Factors contained in SVBFG's March 1, 2022 FY 2021 Form 10-K, but deny any characterizations of the filings, which speak for themselves. The Director Defendants deny the remaining allegations in Paragraph 266.

267.    The Director Defendants admit that SVBFG filed with the SEC Quarterly Reports on Form 10-Q on November 5, 2020, May 10, 2021, August 6, 2021, November 8, 2021, May 6, 2022, August 8, 2022, and November 7, 2022, and Annual Reports on Form 10-K on March 1,

2021, March 1, 2022, and February 24, 2023, that contain the quoted language in Paragraph 267, but deny any characterizations of the filings, which speak for themselves. The Director Defendants deny the remaining allegations in Paragraph 267.

268. The Director Defendants admit that SVBFG filed Annual Reports on Form 10-K with the SEC on February 28, 2020, March 1, 2021, March 1, 2022, and February 24, 2023, that contain the quoted language in the first sentence of Paragraph 268, but deny any characterizations of the filings, which speak for themselves. The Director Defendants admit that SVBFG filed a Quarterly Report on Form 10-Q with the SEC on November 5, 2020, that purports to incorporate the Risk Factors contained in SVBFG's February 28, 2020 FY 2019 Form 10-K, but deny any characterizations of the filings, which speak for themselves. The Director Defendants admit that SVBFG filed Quarterly Reports on Form 10-Q with the SEC on May 10, 2021, August 6, 2021, and November 8, 2021, that purport to incorporate the Risk Factors contained in SVBFG's March 1, 2021 FY 2020 Form 10-K, but deny any characterizations of the filings, which speak for themselves. The Director Defendants admit that SVBFG filed Quarterly Reports on Form 10-Q with the SEC on May 6, 2022, August 8, 2022, and November 7, 2022, that purport to incorporate the Risk Factors contained in SVBFG's March 1, 2022 FY 2021 Form 10-K, but deny any characterizations of the filings, which speak for themselves. The Director Defendants deny the remaining allegations in Paragraph 268.

269. The Director Defendants admit that SVBFG filed Annual Reports on Form 10-K on March 1, 2021, March 1, 2022, and February 24, 2023, that contain the quoted language in Paragraph 269, but deny any characterizations of the documents, which speak for themselves. The Director Defendants deny the remaining allegations in Paragraph 269.

270. The Director Defendants deny the allegations in Paragraph 270 and the headers therein.

**2.    Untrue Statements and Omissions About SVB's Liquidity Risk Management**

The Director Defendants deny the allegations in Header IX.B.2.

271.    The Director Defendants admit that SVBFG filed with the SEC Quarterly Reports on Form 10-Q on November 5, 2020, May 10, 2021, August 6, 2021, November 8, 2021, May 6, 2022, August 8, 2022, and November 7, 2022, and Annual Reports on Form 10-K on March 1, 2021, March 1, 2022, and February 24, 2023, that contain the quoted language in the first sentence of Paragraph 271, but deny any characterizations of the filings, which speak for themselves.  The Director Defendants admit that SVBFG filed with the SEC Quarterly Reports on Form 10-Q on November 5, 2020, May 10, 2021, August 6, 2021, and November 8, 2021, and Annual Reports on Form 10-K on March 1, 2021, and March 1, 2022, that contain the quoted language in the second sentence of Paragraph 271, but deny any characterizations of the filings, which speak for themselves.  The Director Defendants deny the remaining allegations in Paragraph 271.

272.    The Director Defendants admit that SVBFG filed Quarterly Reports on Form 10-Q with the SEC on May 6, 2022, August 8, 2022, and November 7, 2022, and an Annual Report on Form 10-K on February 24, 2023, that contain the quoted language in Paragraph 272, but deny any characterizations of the filings, which speak for themselves.  The Director Defendants deny the remaining allegations in Paragraph 272.

273.    The Director Defendants admit that SVBFG filed a Form 8-K with the SEC on July 21, 2022, that contains the quoted language in Paragraph 273, but deny any characterizations of the filing, which speaks for itself.  The Director Defendants deny the remaining allegations in Paragraph 273.

274.    The Director Defendants admit that SVBFG filed a Form 8-K with the SEC on January 19, 2023, that contains the quoted language in Paragraph 274, but deny any characterizations of the filing, which speaks for itself.  The Director Defendants deny the remaining allegations in Paragraph 274.

275.    The Director Defendants deny the allegations in Paragraph 275 and the headers therein.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

### 3. Untrue Statements and Omissions About SVB's Interest Rate Risk Management

The Director Defendants deny the allegations in Header IX.B.3.

276.    The Director Defendants admit that SVBFG filed with the SEC Quarterly Reports on Form 10-Q on November 5, 2020, May 10, 2021, August 6, 2021, November 8, 2021, May 6, 2022, August 8, 2022, and November 7, 2022, and Annual Reports on Form 10-K on March 1, 2021, March 1, 2022, and February 24, 2023, that contain the quoted language in Paragraph 276, but deny any characterizations of the filings, which speak for themselves.  The Director Defendants deny the remaining allegations in Paragraph 276.

277.    The Director Defendants admit that SVBFG filed with the SEC Quarterly Reports on Form 10-Q on May 10, 2021, August 6, 2021, November 8, 2021, May 6, 2022, August 8, 2022, and November 7, 2022, and Annual Reports on Form 10-K on March 1, 2021 and March 1, 2022, that contain the quoted language in Paragraph 277, but deny any characterizations of the filings, which speak for themselves.  The Director Defendants admit that SVBFG filed an Annual Report on Form 10-K with the SEC on February 24, 2023, that contains the quoted language in the footnote cited in Paragraph 277, but deny any characterizations of the filing, which speaks for itself.  The Director Defendants deny the remaining allegations in Paragraph 277 and the footnote cited therein.

278.    The Director Defendants admit that SVBFG filed with the SEC Quarterly Reports on Form 10-Q on May 10, 2021, August 6, 2021, November 8, 2021, May 6, 2022, August 8, 2022, and November 7, 2022, and Annual Reports on Form 10-K on March 1, 2021, March 1, 2022, and February 24, 2023, that contain the information in the table in Paragraph 278, but deny any characterizations of the filings, which speak for themselves.  The Director Defendants deny the remaining allegations in Paragraph 278.

279.    The Director Defendants admit that SVBFG filed a Form 8-K with the SEC on July 22, 2021, that contains the quoted language in Paragraph 279, but deny any

characterizations of the filing, which speaks for itself. The Director Defendants deny the remaining allegations in Paragraph 279.

280. The Director Defendants admit that SVBFG filed an Annual Report on Form 10-K with the SEC on January 20, 2022, that contains the quoted language in Paragraph 280, but deny any characterizations of the filing, which speaks for itself. The Director Defendants deny the remaining allegations in Paragraph 280.

281. The Director Defendants admit that SVBFG filed a Form 8-K with the SEC on April 21, 2022, that contains the quoted language in Paragraph 281, but deny any characterizations of the filing, which speaks for itself. The Director Defendants deny the remaining allegations in Paragraph 281.

282. The Director Defendants admit that SVBFG filed a Quarterly Report on Form 10-Q with the SEC on May 6, 2022, that contains the quoted language in Paragraph 282, but deny any characterizations of the filing, which speaks for itself. The Director Defendants deny the remaining allegations in Paragraph 282.

283. The Director Defendants admit that SVBFG filed a Quarterly Report on Form 10-Q with the SEC on August 8, 2022, that contains the quoted language in Paragraph 283, but deny any characterizations of the filing, which speaks for itself. The Director Defendants deny the remaining allegations in Paragraph 283.

284. The Director Defendants deny the allegations in Paragraph 284 and the headers and footnote cited therein.

### 4. Untrue Statements and Omissions About SVB's Designation of Investment Securities as Held-to-Maturity

The Director Defendants deny the allegations in Header IX.B.4.

285. The Director Defendants admit that SVBFG filed with the SEC Quarterly Reports on Form 10-Q on November 5, 2022, May 10, 2021, August 6, 2021, November 8, 2021, May 6, 2022, August 8, 2022, and November 7, 2022, and Annual Reports on Form 10-K on March 1, 2021, March 1, 2022, and February 24, 2023, that contain the information in the table in

1  Paragraph 285, but deny any characterizations of the filings, which speak for themselves.  The

2  Director Defendants deny the remaining allegations in Paragraph 285.

3      286.    The Director Defendants admit that SVBFG filed a Quarterly Report on Form 10-

4  Q with the SEC on April 22, 2021, that contains the quoted language in Paragraph 286, but deny

5  any characterizations of the filing, which speaks for itself.  The Director Defendants deny the

6  remaining allegations in Paragraph 286.

7      287.    The Director Defendants admit that SVBFG filed a Quarterly Report on Form 10-

8  Q with the SEC on May 10, 2021, but deny any characterizations of the filing, which speaks for

9  itself.  The Director Defendants respectfully refer the Court to SVBFG's May 10, 2021 Form 10-

10  Q for a description of SVBFG's designations of securities at the time of that filing and deny any

11  inconsistent allegations in Paragraph 287.  The Director Defendants deny the remaining

12  allegations in Paragraph 287.

13      288.    The Director Defendants admit that SVBFG filed with the SEC Quarterly Reports

14  on Form 10-Q on May 10, 2021, August 6, 2021, and November 8, 2021, and Annual Reports on

15  Form 10-K on March 1, 2022, and February 24, 2023, that contain the quoted language in

16  Paragraph 288, but deny any characterizations of the filings, which speak for themselves.  The

17  Director Defendants deny the remaining allegations in Paragraph 288.

18      289.    The Director Defendants admit that SVBFG filed a Quarterly Report on Form 10-

19  Q with the SEC on August 6, 2021, but deny any characterizations of the filing, which speaks for

20  itself.  The Director Defendants respectfully refer the Court to SVBFG's August 6, 2021 Form

21  10-Q for a description of SVBFG's designations of securities at the time of that filing and deny

22  any inconsistent allegations in Paragraph 289.  The Director Defendants deny the remaining

23  allegations in Paragraph 289.

24      290.    The Director Defendants admit that SVBFG filed a Quarterly Report on Form 10-

25  Q with the SEC on November 8, 2021, and filed an Annual Report on Form 10-K with the SEC

26  on March 1, 2022, but deny any characterizations of the filings, which speak for themselves.

27  The Director Defendants respectfully refer the Court to SVBFG's November 8, 2021 Form 10-Q

28

and March 1, 2022 Form 10-K for a description of SVBFG's designations of securities at the time of those filings and deny any inconsistent allegations in Paragraph 290. The Director Defendants deny the remaining allegations in Paragraph 290.

291.    The Director Defendants deny the allegations in Paragraph 291 and the footnote cited therein.

## X.    CLAIMS FOR RELIEF UNDER THE SECURITIES ACT

Header X. contains Plaintiffs' characterizations of the Complaint and contains no factual allegations for which an answer is required.

### COUNT III

### For Violation of §11 of the Securities Act
### Against All Defendants

The Director Defendants deny the allegations in the header found at page 118, lines 2 through 4.

292.    The Director Defendants repeat and re-allege each and every response to the allegations in Paragraphs 13–34, 36–59, and 251–291 as if fully set forth herein.

293.    The Director Defendants admit that Plaintiffs purport to assert a claim under Section 11 of the Securities Act of 1933 against the Defendants. The Director Defendants deny the remaining allegations in Paragraph 293.

294.    To the extent the allegations in Paragraph 294 consist of legal conclusions, no answer is required. The Director Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 294, which describe Plaintiffs' beliefs about the Complaint, and on that basis deny them. The Director Defendants deny the remaining allegations in Paragraph 294.

295.    The Director Defendants deny the allegations in Paragraph 295.

296.    The Director Defendants deny the allegations in Paragraph 296.

297.    To the extent the allegations in Paragraph 297 consist of legal conclusions, no answer is required. To the extent an answer is required, the Director Defendants admit that Mr.

Becker, Mr. Beck, and Ms. Hon signed the November 15, 2019 Registration Statement. The Director Defendants admit that Mr. Benhamou, Mr. Clendening, Mr. Dunbar, Mr. Friedman, Mr. Maggioncalda, Ms. Matthews, Ms. Miller, Ms. Mitchell, and Mr. Staglin signed a Power of Attorney dated November 15, 2019, through which they appointed Mr. Becker and Mr. Beck as their attorneys-in-fact to sign the November 15, 2019 Registration Statement. The Director Defendants deny the remaining allegations in Paragraph 297.

298.    To the extent Paragraph 298 purports to incorporate the allegations set forth in Paragraphs 52–53 and 255–262, the Director Defendants incorporate their responses to Paragraphs 52–53 and 255–262 herein. To the extent the allegations in Paragraph 298 are directed at parties other than the Director Defendants, and no answer is required. To the extent an answer is required, the Director Defendants deny the allegations in Paragraph 298.

299.    To the extent Paragraph 299 purports to incorporate the allegations set forth in Paragraphs 20-29, the Director Defendants incorporate their responses to Paragraphs 20–29 herein. To the extent the allegations in Paragraph 299 consist of legal conclusions, no answer is required. To the extent an answer is required, the Director Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 299, and on that basis deny them.

300.    The Director Defendants deny the allegations in Paragraph 300.

301.    To the extent Paragraph 301 purports to incorporate the allegations set forth in Paragraphs 20–29, the Director Defendants incorporate their responses to Paragraphs 20–29 herein. To the extent the allegations in Paragraph 301 consist of legal conclusions, no answer is required. To the extent an answer is required, the Director Defendants deny the allegations in Paragraph 301.

302.    The Director Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 302, and on that basis deny them.

303.    The Director Defendants deny the allegations in Paragraph 303.

## COUNT IV

### For Violation of §15 of the Securities Act
### Against the Individual Defendants

The Director Defendants deny the allegations in the header found at page 120, lines 4 through 6.

304. The Director Defendants repeat and re-allege each and every response to the allegations in Paragraphs 13–34, 36–59, and 251–303 as if fully set forth herein.

305. The Director Defendants admit that Plaintiffs purport to assert a claim under Section 15 of the Securities Act of 1933 against the Individual Defendants. The Director Defendants deny the remaining allegations in Paragraph 305.

306. To the extent the allegations in Paragraph 306 consist of legal conclusions, no answer is required. The Director Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 306, which describe Plaintiffs' beliefs about the Complaint, and on that basis deny them. The Director Defendants deny the remaining allegations in Paragraph 306.

307. The Director Defendants deny the allegations in Paragraph 307.

308. The Director Defendants deny the allegations in Paragraph 308.

309. The Director Defendants deny the allegations in Paragraph 309.

310. The Director Defendants deny the allegations in Paragraph 310.

311. The Director Defendants deny the allegations in Paragraph 311.

### PRAYER FOR RELIEF

The Director Defendants deny each and every allegation not specifically admitted above and deny that Plaintiffs are entitled to the relief requested.

### <u>AFFIRMATIVE DEFENSES</u>

In further response to the Complaint and each claim asserted in this action, and without assuming the burden of proof, persuasion, or production as to any issue where such burden is not legally assigned to them, the Director Defendants assert the following affirmative and other

defenses. By asserting such defenses, the Director Defendants do not in any way waive or limit any defenses raised by the denials, allegations, and averments set forth elsewhere in this Answer. The Director Defendants expressly reserve the right to amend and/or supplement these defenses and assert any other defense as to which discovery, investigation, or further developments may establish a basis.

### FIRST DEFENSE

### (Standing)

Plaintiffs' claims are barred, in whole or in part, because Plaintiffs lack standing to assert them to the extent they did not purchase SVBFG stock in or traceable to the offering documents associated with the offerings challenged in the Complaint.

### SECOND DEFENSE

### (Truth on the Market)

The Director Defendants are not liable to Plaintiffs because the substance of the allegedly omitted or misrepresented material information was disclosed in the Registration Statement, SVBFG's public filings and announcements, and/or in other sources that were publicly available or widely known to the market, the investing community, and Plaintiffs.

### THIRD DEFENSE

### (Due Diligence)

The Director Defendants had, after reasonable investigation, reasonable grounds to believe and did believe, at the time the offering documents for the securities offerings challenged in the Complaint became effective, that the statements therein were true and that there was no omission of any required material fact necessary to make the statements not misleading.

### FOURTH DEFENSE

### (Knowledge)

Plaintiffs' claims of alleged misrepresentations and omissions, which are denied, are barred to the extent any allegedly misstated facts or omissions were known to Plaintiffs.

### FIFTH DEFENSE

### (Reasonable Reliance on Experts)

With respect to portions of the Registration Statement purporting to be made on the authority of experts, the Director Defendants had no reasonable ground to believe and did not believe, at the time such part of the Registration Statement became effective, that the statements therein were untrue or that there was an omission to state a material fact required to be stated therein or necessary to make the statements therein not misleading.

### SIXTH DEFENSE

### (Reliance on Advice)

Defendants were entitled to act, and in fact acted, in good faith reliance upon the advice of professionals and experts.

### SEVENTH DEFENSE

### (Good Faith)

Plaintiffs' claims are barred, in whole or in part, because at all relevant times the Director Defendants acted in good faith, including by acting in conformity with the law and rules and regulations of the U.S. Securities and Exchange Commission.

### EIGHTH DEFENSE

### (No Control Person Liability)

Each and every one of the Director Defendants alleged to be a control person under Section 15(a) of the Securities Act of 1933 or Section 20(a) of the Securities Exchange Act of 1934 had no knowledge of, and had no reasonable grounds to believe in the existence of, the facts by reason of which liability of the control person is alleged to exist.

### NINTH DEFENSE

### (No Primary Violation)

Plaintiffs' claims are barred in whole or in part under Section 15(a) of the Securities Act of 1933 because these claims impose derivative liability on persons who control those liable under Section 11, and there was no underlying violation of Section 11 here. Plaintiffs' claims

are barred in whole or in part under Section 20(a) of the Securities Exchange Act of 1934 because these claims impose derivative liability on persons who control those liable under Section 10(b), and there was no underlying violation of Section 10(b) here.

## TENTH DEFENSE

### (Statutory Damages Limitation)

Any recovery for damages allegedly incurred by Plaintiffs is barred, in whole or in part, by the damages limitations of the Securities Act of 1933 and Private Securities Litigation Reform Act.

## ELEVENTH DEFENSE

### (Negative Causation)

Plaintiffs' claims are barred in whole or in part because none of the alleged misrepresentations or misleading statements or omissions alleged by Plaintiffs caused, or was a substantial factor in, any increase or decrease in the market value of SVBFG's securities allegedly owned by Plaintiffs.

## TWELFTH DEFENSE

### (Superseding or Intervening Events)

Plaintiffs' claims are barred, in whole or in part, because superseding or intervening events caused some or all of the alleged damages.

## THIRTEENTH DEFENSE

### (Failure to State a Claim)

The Complaint fails to state a claim upon which relief can be granted as to any of the Director Defendants.

## FOURTEENTH DEFENSE

### (No Fees, Costs or Expenses)

Plaintiffs are not entitled to recover attorneys' fees, expert fees, or other costs and disbursements.

## FIFTEENTH DEFENSE

**(Reasonable Care)**

If any alleged misstatements or omissions were made (which the Director Defendants deny), the Plaintiffs' claims are barred as Plaintiffs failed to exercise reasonable care to discover the facts related to these alleged misstatements/omissions.

**SIXTEENTH DEFENSE**

**(Statutes of Limitation and Repose)**

Plaintiffs' claims are barred, in whole or in part, by the statute of limitations and/or repose.

**SEVENTEENTH DEFENSE**

**(Assumption of Risk)**

Plaintiffs' claims are barred, in whole or in part, because Plaintiffs had actual or constructive knowledge of the risks involved and thus assumed the risk that the value of SVBFG stock would decline if such risks materialized.

**EIGHTEENTH DEFENSE**

**(Resignation)**

Plaintiffs' claims are barred, in whole or in part, because Mr. Robinson resigned from SVBFG's board of directors before the May 2021 offerings, October 2021 offerings, and April 2022 offerings.  Plaintiffs' claims are barred, in whole or in part, because Mr. Dunbar resigned from SVBFG's board of directors before the April 2022 offerings.

**NINETEENTH DEFENSE**

**(Equitable Claims Barred)**

Plaintiffs' claims are barred in whole or in part by the equitable doctrines of laches, estoppel, unclean hands, and/or waiver.

**TWENTIETH DEFENSE**

**(Adequate Remedy at Law)**

Without conceding liability, Plaintiffs' requests for equitable relief are improper because Plaintiff have an adequate remedy at law.

## TWENTY-FIRST DEFENSE

### (Contribution)

Without conceding liability, the Director Defendants are entitled to recover contribution from others for any liability the Director Defendants incur as a result of any material misrepresentations or omissions, or conduct, alleged in the Complaint.

## TWENTY-SECOND DEFENSE

### (Incorporation by Reference)

The Director Defendants hereby adopt and incorporate by reference any and all other defenses asserted or to be asserted by any of the other defendants to the extent the Director Defendants may share in such a defense.

## PRAYER

WHEREFORE, the Director Defendants respectfully pray for judgment as follows:

1.      That judgment be entered against Plaintiffs and in favor of the Director Defendants, and each of them, on all claims asserted in this action;

2.      That Plaintiffs' Prayer for Relief be denied;

3.      That the claims of the Complaint be dismissed with prejudice;

4.      That Plaintiffs take nothing by reason of the claims asserted in this action;

5.      For costs of suit herein; and

6.      For such other and further relief as the Court may deem just and proper.

## JURY DEMAND

The Director Defendants demand a trial by jury on all issues triable by a jury.

Dated: August 18, 2025

Respectfully Submitted,

_/s/ Jessica L. Lewis_

**WILMER CUTLER PICKERING
    HALE AND DORR LLP**

Jessica L. Lewis (CA SBN 302467)
2600 El Camino Real
Palo Alto, CA 94306
Telephone: (650) 600-5186
Facsimile: (650) 858-6100
Email: jessica.lewis@wilmerhale.com

Michael G. Bongiorno (appearance _pro hac vice_)
7 World Trade Center
250 Greenwich Street
New York, NY 10007
Telephone: (212) 230-8800
Facsimile: (212) 230-8888
Email: michael.bongiorno@wilmerhale.com

Erika M. Schutzman (appearance _pro hac vice_)
60 State Street
Boston, MA 02109
Telephone: (617) 526-6000
Facsimile: (617) 526-5000
Email: erika.schutzman@wilmerhale.com

_Counsel for Defendants Eric A. Benhamou,
Elizabeth Burr, Richard D. Daniels, Alison Davis,
Roger F. Dunbar, Joel P. Friedman, Jeffrey N.
Maggioncalda, Beverly Kay Matthews, Mary J.
Miller, Kate D. Mitchell, John F. Robinson, and
Garen K. Staglin_