UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| TIAA-CREF INVESTMENT MANAGEMENT, LLC, et al., | Case No. 5:24-cv-00478-NW |
| Plaintiffs, | STIPULATED [PROPOSED] PROTECTIVE ORDER |
| vs. | |
| GREGORY W. BECKER, et al., | |
| Defendants. | |

Plaintiffs[1] and Defendants[2] in the above-captioned action (the "Action") (collectively, the "Parties"), by and through their undersigned counsel, have met and conferred and submit the following Stipulated [Proposed] Protective Order (the "Stipulated Protective Order" or "Order").

## 1. PURPOSES AND LIMITATIONS

Disclosure and discovery activity in this Action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the Parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order. The Parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The Parties further acknowledge, as set forth in §12.3 below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Civil

---

[1] "Plaintiffs" refers collectively to Teachers Insurance and Annuity Association of America and its following subsidiaries, funds, and accounts: (i) TIAA-CREF Investment Management, LLC; (ii) Teachers Advisors, LLC; (iii) Nuveen Asset Management, LLC; (iv) Nuveen Fund Advisors, LLC; (v) CREF Equity Index Account; (vi) CREF Stock Account; (vii) Nuveen Large-Cap Select Fund; (viii) CREF Global Equities Account; (ix) TIAA-CREF S&P 500 Index Fund; (x) TIAA-CREF Equity Index Fund; (xi) TIAA-CREF Growth & Income Fund; (xii) Nuveen ESG Large-Cap Value ETF; (xiii) Nuveen ESG Mid-Cap Growth ETF; (xiv) Nuveen ESG Mid-Cap Value ETF;(xv) TIAA-CREF Life Growth & Income Fund; (xvi) CREF Social Choice Account; (xvii) TIAA Separate Account VA-1; (xviii) TIAA-CREF Large-Cap Growth Index Fund; (xix) TIAA-CREF Large-Cap Value Index Fund; (xx) TIAA-CREF Social Choice Low Carbon Equity Fund; (xxi) CREF Core Bond Account; (xxii) TIAA-CREF Life Insurance Company; (xxiii) TIAA-CREF Bond Index Fund; (xxiv) TIAA-CREF Core Plus Bond Fund; (xxv) TIAA-CREF Core Impact Bond Fund; (xxvi) Nuveen Global High Income Fund; (xxvii) Nuveen Preferred & Income Opportunities Fund on behalf of itself and as successor in interest to Nuveen Preferred & Income Securities Fund and Nuveen Preferred and Income Fund; (xxviii) Nuveen Preferred and Income Term Fund; (xxix) Nuveen Multi-Asset Income Fund on behalf of itself and as successor in interest to Nuveen Tax-Advantaged Total Return Strategy Fund; (xxx) Nuveen Core Plus Impact Fund; (xxxi) Nuveen Variable Rate Preferred & Income Fund; (xxxii) Nuveen Preferred Securities and Income Fund; (xxxiii) Nuveen Enhanced Yield U.S. Aggregate Bond ETF; (xxxiv) Nuveen ESG U.S. Aggregate Bond ETF; (xxxv) Teachers Insurance and Annuity Association of America; (xxxvi) Nuveen U.S. Core Impact Bond Fund; and (xxxvii) TIAA-CREF Life Social Choice Equity Fund.

[2] "Defendants" refers collectively to Gregory W. Becker, Daniel J. Beck, Karen Hon, Roger F. Dunbar, Beverly Kay Matthews, Eric A. Benhamou, Elizabeth Burr, John S. Clendening, Richard D. Daniels, Alison Davis, Joel P. Friedman, Jeffrey N. Maggioncalda, Mary J. Miller, Kate D. Mitchell, John F. Robinson, Garen K. Staglin, BofA Securities, Inc., and Goldman Sachs & Co. LLC.

Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a Party (defined below) seeks permission from the Court to file material under seal.

**2. DEFINITIONS**

2.1 *Challenging Party*: a Party or Non-Party that challenges the designation of information or items under this Order.

2.2 *"CONFIDENTIAL" Information or Items*: information (regardless of how it is generated, stored, or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c).

2.3 *Counsel (without qualifier)*: Outside Counsel of Record and House Counsel (as well as their support staff).

2.4 *Designating Party*: a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL."

2.5 *Disclosure or Discovery Material*: all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.6 *Expert*: a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this Action.

2.7 *House Counsel*: attorneys who are employees of a Party to this Action. House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.8 *Non-Party*: any natural person, partnership, corporation, association, or other legal entity not named as a Party to this Action.

2.9 *Outside Counsel of Record*: attorneys who are not employees of a Party to this Action but are retained to represent or advise a Party to this Action and have appeared in this Action on behalf of that Party or are affiliated with a law firm which has appeared on behalf of that Party.

2.10 *Party*: any party to this Action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

2.11    *Producing Party*: a Party or Non-Party that produces Disclosure or Discovery Material in this Action.

2.12    *Professional Vendors*: persons or entities that provide litigation support services (*e.g.*, photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.13    *Protected Material*: any Disclosure or Discovery Material that is designated as "CONFIDENTIAL" pursuant to this Stipulated Protective Order.

2.14    *Receiving Party*: a Party that receives Disclosure or Discovery Material from a Producing Party.

**3.    SCOPE**

The protections conferred by this Stipulated Protective Order cover not only Protected Material (as defined above), but also: (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material.  However, the protections conferred by this Stipulated Protective Order do not cover the following information: (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise; and (b) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party.  Any use of Protected Material at trial shall be governed by a separate agreement or order.

**4.    DURATION**

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a Court order otherwise directs.  Final disposition shall be deemed to be the later of: (1) dismissal of all claims and defenses in this Action, with or without prejudice; and (2) final judgment herein after the completion

and exhaustion of all appeals, rehearings, remands, trials, or reviews of this Action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

## 5. DESIGNATING PROTECTED MATERIAL

5.1 *Exercise of Restraint and Care in Designating Material for Protection*. Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. Except as stated in the following paragraph, the Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify – so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order. In addition, any Party reproducing documents received from any Non-Party (the "Original Producing Party"), including documents produced by any governmental agency or in any other litigation that are discoverable in this Action, shall be permitted to include in their entirety any confidentiality or other designations applied by the Original Producing Party.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (*e.g.*, to unnecessarily encumber or delay the case development process or to impose unnecessary expenses and burdens on other parties) expose the Designating Party to sanctions. The Parties agree that confidentiality designations will be applied on the document level; each page of the document will be branded "CONFIDENTIAL" if any portion of the document is Confidential. The Receiving Party can challenge the designation of specific pages in a "CONFIDENTIAL" document using the process outlined in §6 below. The Designating Party will comply with reasonable requests to remove the "CONFIDENTIAL" designation on pages that do not contain information or items that qualify for protection.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, that Designating Party must promptly notify all other Parties that it is withdrawing the mistaken designation.

5.2     ***Manner and Timing of Designations***. Except as otherwise provided in this Order (*see, e.g.*, second paragraph of §5.2(a) below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a)     For information in documentary form (*e.g.*, paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL" to each page of the document that contains protected material, or, in the case of an electronic document that is produced in native form or is impracticable to produce in a form with the affixed legend, by placing the legend on a placeholder document bearing the document's production number.

A Party or Non-Party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "CONFIDENTIAL." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents qualify for protection under this Order. Then, before producing the specified documents, the Producing Party must affix the "CONFIDENTIAL" legend to each page of the document that contains Protected Material, or, in the case of an electronic document that is produced in native form or is impracticable to produce in a form with the affixed legend, by placing the legend on a placeholder document bearing the document's production number.

(b)     for testimony given in a deposition or in other pretrial or trial proceedings, the entire transcript shall be treated as if designated "CONFIDENTIAL" until 30 days after delivery of the final transcript for the applicable proceeding, before the expiration of which period Counsel for any Party or Non-Party may, in writing, designate the entire transcript or any sections of the transcript as "CONFIDENTIAL."

(c)    for information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL."

5.3   ***Inadvertent Failures to Designate***.  If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material.  Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

## 6.   CHALLENGING CONFIDENTIALITY DESIGNATIONS

6.1   ***Timing of Challenges***.  Any Party or Non-Party may challenge a designation of confidentiality at any time.  Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2   ***Meet and Confer***.  The Challenging Party shall initiate the dispute resolution process by providing written notice of each designation it is challenging and describing the basis for each challenge.  To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with this specific paragraph of the Stipulated Protective Order.  The Designating Party and the Challenging Party shall attempt to resolve each challenge in good faith and must begin the process by conferring directly (in voice-to-voice dialogue; other forms of communication are not sufficient) within 14 days of the date of service of notice or as otherwise agreed between the Designating Party and the Challenging Party. In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. A Challenging Party may proceed to the next stage of the challenge process only: (i) if it has engaged in this meet-and-confer process first and informs the

Designating Party that the parties are at an impasse and the meet-and-confer process will not resolve the dispute; or (ii) establishes that the Designating Party is unwilling to participate in the meet-and-confer process in a timely manner.

6.3 *Judicial Intervention*. If the parties cannot resolve a challenge without Court intervention, they shall follow the procedures for resolving discovery disputes set forth in Judge van Keulen's Civil and Discovery Referral Matters Standing Order and present the dispute by filing a joint statement directed to Judge van Keulen.

## 7. ACCESS TO AND USE OF PROTECTED MATERIAL

7.1 *Basic Principles*. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the litigation has been terminated, a Receiving Party must comply with the provisions of §13 below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

7.2 *Disclosure of "CONFIDENTIAL" Information or Items*. Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a) the Receiving Party's Outside Counsel of Record in this Action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A;

(b) the officers, directors, employees, and former employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(c) Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d) the Court and its personnel, and any appellate court in this litigation;

(e) court reporters, stenographers, or video operators, and their staff, and Professional Vendors to whom disclosure is reasonably necessary for this Action;

(f) professional jury or trial consultants and mock jurors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(g) during their depositions, witnesses in the Action to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the Court. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order;

(h) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information; and

(i) special masters, mediators, or other third parties retained by the Parties for settlement purposes or resolution of discovery disputes or mediation.

## 8. PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

If a Party is served with a subpoena, discovery request, or a court order issued in other litigation that compels disclosure of any information or items designated in this Action as "CONFIDENTIAL," that Party must:

(a) promptly notify in writing the Designating Party together with a copy of the subpoena, discovery request, or court order;

(b) promptly notify in writing the party who caused the subpoena, discovery request, or order to issue in the other litigation that some or all of the material covered by the

subpoena, discovery request, or order is subject to this Stipulated Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

    (c)    cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena, discovery request, or court order shall not produce any information designated in this Action as "CONFIDENTIAL" before a determination by the court from which the subpoena, discovery request, or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material – and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this Action to disobey a lawful directive from another court.

## 9. A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION

    (a)    The terms of this Order are applicable to information produced by a Non-Party in this Action and designated as "CONFIDENTIAL." Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

    (b)    In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

    (i)    promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

    (ii)    promptly provide the Non-Party with a copy of the Stipulated Protective Order in this litigation, the relevant discovery request(s), and a reasonably specific description of the information requested; and

    (iii)    make the information requested available for inspection by the Non-Party.

(c) If the Non-Party fails to object or seek a protective order from this Court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the Court. Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this Court of its Protected Material.

## 10. UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately: (a) notify in writing the Designating Party of the unauthorized disclosures; (b) use its best efforts to retrieve all unauthorized copies of the Protected Material; (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order; and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

## 11. INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). To be clear, the inadvertent production – in and of itself, and without more – of material that is subject to a claim of privilege or other protection does not waive the claim of privilege or other protection. This provision is not intended to modify whatever procedure may be established in an electronic discovery order that provides for production without prior privilege review. Pursuant to Federal Rule of Evidence 502(d)-(e), insofar as the parties reach an agreement on the effect of disclosure of a communication or information covered by the attorney-client privilege or work product protection, the parties may incorporate their agreement in the stipulated protective order submitted to the Court.

**12. MISCELLANEOUS**

12.1 *Right to Further Relief*. Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

12.2 *Right to Assert Other Objections*. By stipulating to the entry of this Stipulated Protective Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Stipulated Protective Order.

12.3 *Filing Protected Material*. Without written permission from the Designating Party or a Court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this Action any Protected Material. A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5. Protected Material may only be filed under seal pursuant to a Court order authorizing the sealing of the specific Protected Material at issue. Pursuant to Civil Local Rule 79-5, a sealing order will issue only upon a request establishing that the Protected Material at issue is privileged, protectable as a trade secret, or otherwise entitled to protection under the law. If a Receiving Party's request to file Protected Material under seal pursuant to Civil Local Rule 79-5 is denied by the Court, then the Receiving Party may file the information in the public record pursuant to Civil Local Rule 79-5 unless otherwise instructed by the Court.

**13. FINAL DISPOSITION**

Within 60 days after the final disposition of this Action, as defined in §4 above, each Receiving Party must return all Protected Material to the Producing Party or destroy such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60-day deadline that: (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed; and (2) affirms that the Receiving Party has not retained any copies,

abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material.  Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material.  Any such archival copies that contain or constitute Protected Material remain subject to this Stipulated Protective Order as set forth in §4 (DURATION).

   IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

DATED:  August 19, 2025      ROBBINS GELLER RUDMAN
                   & DOWD LLP
                DARREN J. ROBBINS
                LUKE O. BROOKS
                ERIKA L. OLIVER
                JACK ABBEY GEPHART

                    *s/ Erika L. Oliver*
                    ERIKA L. OLIVER

                655 West Broadway, Suite 1900
                San Diego, CA  92101-8498
                Telephone:  619/231-1058
                619/231-7423 (fax)
                darrenr@rgrdlaw.com
                lukeb@rgrdlaw.com
                eoliver@rgrdlaw.com
                jgephart@rgrdlaw.com

                ROBBINS GELLER RUDMAN
                 & DOWD LLP
                SHAWN A. WILLIAMS
                Post Montgomery Center
                One Montgomery Street, Suite 1800
                San Francisco, CA  94104
                Telephone:  415/288-4545
                415/288-4534 (fax)
                shawnw@rgrdlaw.com

                Attorneys for Plaintiffs

DATED:  August 19, 2025      GIBSON, DUNN & CRUTCHER

                    *s/ Michael D. Celio*
                    MICHAEL D. CELIO

MICHAEL D. CELIO
(mcelio@gibsondunn.com)
GEORGE B. ADAMS
(gadams@gibsondunn.com)
310 University Avenue
Palo Alto, CA 94303
Telephone: (650) 849-5326
Facsimile: (650) 849-5333

DANIEL KETANI, *admitted pro hac vice*
(dketani@gibsondunn.com)
200 Park Avenue
New York, NY 10166-0193
Tel: (212) 351-4000
Fax: (212) 351-4035

*Counsel for Defendant Daniel J. Beck*

DATED: August 19, 2025      WILMER CUTLER PICKERING HALE
         AND DORR LLP

*s/ Christopher W. Johnstone*
CHRISTOPHER W. JOHNSTONE

CHRISTOPHER W. JOHNSTONE
(chris.johnstone@wilmerhale.com)
2600 El Camino Real, Suite 400
Palo Alto, CA 94306
Tel: (650) 858-6000

PETER G. NEIMAN (appearance *pro hac vice*)
(peter.neiman@wilmerhale.com)
JESSICA N. DJILANI (appearance *pro hac vice*)
(jessica.djilani@wilmerhale.com)
7 World Trade Center
250 Greenwich Street
New York, NY 10007
Tel: (212) 230-8800

*Counsel for Defendant Karen Hon*

DATED: August 19, 2025      WILMER CUTLER PICKERING HALE
         AND DORR LLP

*s/ Michael G. Bongiorno*
MICHAEL G. BONGIORNO

| | | |
|---|---|---|
| 1 | | MICHAEL G. BONGIORNO (appearance *pro hac vice*) |
| 2 | | (michael.bongiorno@wilmerhale.com) |
| 3 | | 250 Greenwich Street, 45th floor |
| 4 | | New York, NY 10007 |
| | | Tel: (212) 230-8800 |
| 5 | | |
| | | ERIKA M. SCHUTZMAN (appearance *pro hac vice*) |
| 6 | | (erika.schutzman@wilmerhale.com) |
| 7 | | 60 State Street |
| | | Boston, MA 02109 |
| 8 | | Tel: (617) 526-6000 |
| 9 | | |
| | | JESSICA L. LEWIS |
| 10 | | (jessica.lewis@wilmerhale.com) |
| | | 2600 El Camino Real |
| 11 | | Suite 400 |
| | | Palo Alto, CA 94306 |
| 12 | | Tel: 650-858-6000 |

*Counsel for Defendants Roger F. Dunbar, Beverly Kay Matthews, Eric A. Benhamou, Elizabeth Burr, Richard D. Daniels, Alison Davis, Joel P. Friedman, Jeffrey N. Maggioncalda, Mary J. Miller, Kate D. Mitchell, John F. Robinson, Garen K. Staglin*

DATED: August 19, 2025       EHRLICH & CRAIG LLP

                              *s/ Miles Ehrlich*
                              MILES EHRLICH

                              MILES EHRLICH
                              (miles@ehrlich-craig.com)
                              EMILY BERRY
                              (emily@ehrlich-craig.com)
                              803 Hearst Avenue
                              Berkeley, CA 94710
                              Tel: (510) 548-3600

                              *Counsel for Defendant Greg W. Becker*

DATED: August 19, 2025       DLA PIPER LLP

                              *s/ Richard H. Zelichov*
                              RICHARD H. ZELICHOV

STIPULATED [PROPOSED] PROTECTIVE ORDER - 5:24-cv-00478-NW      - 14 -

| | | |
|---|---|---|
| 1 | | RICHARD H. ZELICHOV |
| 2 | | (richard.zelichov@us.dlapiper.com) |
| | | 2000 Avenue of the Stars, Suite 400 N. Tower |
| 3 | | Los Angeles, CA 90067 |
| | | Tel: (310) 595-3000 |
| 4 | | |
| 5 | | BING SUN |
| | | (bing.sun@us.dlapiper.com) |
| 6 | | 555 Mission Street, Suite 2400 |
| | | San Francisco, CA 94105 |
| 7 | | Tel: (415) 836-2500 |
| 8 | | KATTEN MUCHIN ROSENMAN LLP |
| | | BRUCE G. VANYO |
| 9 | | (bruce@katten.com) |
| | | PAUL S. YONG |
| 10 | | (paul.yong@katten.com) |
| | | 2029 Century Park East, Suite 2600 |
| 11 | | Los Angeles, CA 90067 |
| | | Tel: (310) 788-4400 |
| 12 | | |
| 13 | | *Counsel for Defendant John S. Clendening* |
| 14 | DATED: August 19, 2025 | ALLEN OVERY SHEARMAN STERLING US LLP |
| 15 | | |
| 16 | | |
| 17 | | *s/ Daniel H.R. Laguardia* |
| | | DANIEL H.R. LAGUARDIA |
| 18 | | DANIEL H.R. LAGUARDIA (SBN 314654) |
| | | (daniel.laguardia@aoshearman.com) |
| 19 | | 140 New Montgomery Street, 10th Floor |
| | | San Francisco, CA 94105 |
| 20 | | Tel: (415) 796-4160 |
| 21 | | |
| | | ADAM HAKKI (appearance *pro hac vice*) |
| 22 | | (adam.hakki@aosherman.com) |
| | | DANIEL LEWIS (appearance *pro hac vice*) |
| 23 | | (daniel.lewis@aoshearman.com) |
| | | JOSHUA EBERSOLE (appearance *pro hac vice*) |
| 24 | | (joshua.ebersole@aoshearman.com) |
| | | 599 Lexington Avenue |
| 25 | | New York, NY 10022 |
| | | Tel: (212) 848-4000 |
| 26 | | |
| 27 | | *Counsel for Defendants Goldman Sachs & Co. LLC and BofA Securities, Inc.* |
| 28 | | |

STIPULATED [PROPOSED] PROTECTIVE ORDER - 5:24-cv-00478-NW — - 15 -

PURSUANT TO STIPULATION, IT IS SO ORDERED.

DATED: August 19, 2025

_____
SUSAN VAN KEULEN
UNITED STATES MAGISTRATE JUDGE

**EXHIBIT A**

**ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND**

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Northern District of California on [date] in the case of _____ [insert formal name of the case and the number and initials assigned to it by the court]. I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Northern District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ [print or type full name] of _____ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____

**SIGNATURE ATTESTATION**

I am the ECF user whose identification and password are being used to file this document. In compliance with Local Rule 5-1(i)(3), I do hereby attest that each signatory had concurred in this filing.

Dated: August 19, 2025

*s/ Erika L. Oliver*<br>ERIKA L. OLIVER

STIPULATED [PROPOSED] PROTECTIVE ORDER - 5:24-cv-00478-NW — - 1 -